THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FAYGIE FIELDS, Defendant-Appellant.

First District (1st Division)   No. 1—91—0355

Opinion filed October 18, 1993.

Rita A. Fry, Public Defender, of Chicago (Evelyn G. Baniewicz, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and James Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Following a bench trial, defendant, Faygie Fields, was found guilty of murder, felony murder, armed robbery, home invasion and armed violence (Ill. Rev. Stat. 1987, ch. 38, pars. 9—1(a)(1), 9—1(a)(3), 18—2(a), 12—11(a), 33A—2, respectively), in connection with the shooting death of Irvin Parker. Judgment was entered as to the murder and felony murder convictions only, the other offenses having merged with the murder conviction, and defendant was sentenced to a prison term of 40 years. On appeal, we affirmed defendant's conviction for murder, vacated defendant's conviction for felony murder, and remanded this cause to the trial court for resentencing on the murder conviction, on the ground that the trial court improperly convicted defendant of both murder and felony murder. (*People v. Fields* (1990), 199 Ill. App. 3d 888, 902, 557

N.E.2d 629, 637.) On remand, the trial court sentenced defendant to a term of 40 years' imprisonment. Defendant now appeals his sentence, contending that he was denied the opportunity to be present at the sentencing hearing.

The detailed facts of this case have been amply reported in our earlier decision, and we need not restate them here. We consider, therefore, only the facts necessary to resolve the instant appeal.

The record discloses that on November 30, 1990, a hearing was held before the original trial court, Judge Thomas J. Maloney, for the purpose of resentencing defendant. The time of the hearing is not indicated in the record. At the outset of the hearing, Assistant State's Attorney Raymond Brogan informed Judge Maloney that defendant was in the lockup. Attorney Thomas Donnelly then informed the court that he represented the defendant. Brogan stated that the case was remanded for resentencing on defendant's murder conviction. Judge Maloney then sentenced defendant as follows: "The judgment for murder is not vacated and the sentence for murder is reimposed. Forty years in the Illinois Department of Corrections."

The record further indicates that on that same day at 9:30 a.m., a hearing was held before Judge Themis N. Karnezis. The first page of the transcript discloses "Court convened pursuant to continuance." At that time, Assistant State's Attorney Kay Hanlon appeared on behalf of the State. The transcript of the entire proceeding is as follows:

"THE CLERK: Faygie Fields.

THE COURT: Defendant sentenced to 40 years Illinois Department of Corrections.

(End of proceedings.)"

Defendant explains in his brief that two hearings were held on the same day, and for the same purpose, because Judge Karnezis was taking over Judge Maloney's courtroom upon his retirement.

On February 11, 1991, this court granted defendant's motion for leave to file a late notice of appeal.

Preliminarily, there is no explanation in the record on appeal for the two sentencing hearings.

Defendant contends that the trial court erred in sentencing him to a term of 40 years in violation of his constitutional right to be present at all stages of the trial. Defendant argues that the record fails to show any waiver by him of his right to be present in open court at the time of sentencing.

The Illinois Constitution (Ill. Const. 1970, art. I, §8) and the sixth amendment of the United States Constitution (U.S. Const., amend. VI) guarantee the accused the right to appear and defend himself in person at every stage of the proceedings, including imposition of sentencing. (*People v. Volkman* (1992), 235 Ill. App. 3d 888, 601 N.E.2d 1179.) Although a defendant may voluntarily waive his right to be present at sentencing (*Volkman*, 235 Ill. App. 3d at 895), a defendant who is incarcerated is not voluntarily absent from his court proceeding and has not waived his right to appear. (*People v. Liming* (1989), 183 Ill. App. 3d 960, 539 N.E.2d 871.) Thus, the assistant State's Attorney's statement in the present case that defendant was "in the lockup" was not sufficient to waive defendant's presence at the time of sentencing.

In reliance on *People v. Macke* (1992), 224 Ill. App. 3d 815, 587 N.E.2d 1113, and *People v. Lewis* (1992), 235 Ill. App. 3d 1003, 1006, 602 N.E.2d 492, 493, *appeal allowed* (1993), 148 Ill. 2d 649, 610 N.E.2d 1271, the State argues that defendant has waived this issue for review for failure to object at the sentencing hearing and to file a motion to reduce his sentence.

The State's contention is without merit. A defendant does not waive his constitutional right to be present at sentencing by failing to make an objection at the very sentencing hearing where he is not present or by failing to file a motion to reduce his sentence.

The record in the present case reveals that the defendant did not voluntarily waive his constitutional right to be present at his sentencing. Thus, we find that the State violated defendant's rights under the Illinois and United States Constitutions.

For this reason, we reverse the judgment of the trial court and remand this matter for a new sentencing hearing.

Reversed and remanded.

BUCKLEY and O'CONNOR, JJ., concur.