## COMMONWEALTH *VS.* ANGEL RIVERA.

No. 96-P-1796.

Hampden. November 18, 1997. - March 19, 1998.

Present: BROWN, SMITH, & LAURENCE, JJ.

*Controlled Substances. Practice, Criminal,* Continuance, Presence of defendant.

Evidence at the trial of an indictment for violation of the controlled substances statutes was sufficient to warrant submission to the jury of the issue of the defendant's intent to distribute the cocaine he possessed. [453-454]

A Superior Court judge correctly denied a criminal defendant's motion for a new trial based on the judge's alleged error in denying defense counsel's motions for a continuance when the defendant failed to appear after the first day of trial, where the judge found that the defendant had voluntarily absented himself from the trial. [454-456]

INDICTMENTS found and returned in the Superior Court Department on September 28, 1994.

The cases were tried before *John F. Moriarty,* J., and a motion for a new trial was heard by him.

*Lisa J. Steele* for the defendant.

*Jennifer S. Brand,* Assistant District Attorney, for the Commonwealth.

LAURENCE, J. The defendant was convicted by a Superior Court jury of distribution of marihuana as a second or subsequent offense, G. L. c. 94C, § 32C; possession of cocaine with the intent to distribute as a second or subsequent offense, G. L. c. 94C, § 32A; and the same two offenses within a school zone, G. L. c. 94C, § 32J. On appeal, the defendant claims that (1) the Commonwealth's evidence was legally insufficient to submit to the jury on the charge of possession of cocaine with intent to distribute and (2) the judge erred in denying the defendant's requests during trial for a continuance — a point raised both through the medium of the defendant's direct appeal and in an

appeal from the denial of his motion for new trial. We have consolidated the two appeals and now affirm.

We briefly rehearse the facts, viewing them in the light most favorable to the prosecution. See *Commonwealth* v. *Hilton*, 398 Mass. 63, 64-65 (1986). While conducting surveillance of a certain street corner in Holyoke known to be a "high crime, . . . high drug area," a police officer who had been involved in hundreds of narcotics surveillances saw a car pull up to the curb and park. Shortly thereafter, the defendant approached the driver's side window and engaged in a transaction with the car's occupants. The defendant received what appeared to be paper money; in exchange, the defendant gave the driver something that he took out of a plastic bag he had removed from the groin area inside the front of his trousers. Based upon his experience, the officer believed that what he had observed was consistent with a street level drug sale.

The car pulled away but was stopped by alerted fellow officers after a short time. A small, plastic "zip-lock" bag of marihuana was recovered from the mouth of a passenger as he tried to swallow it. The defendant was soon thereafter stopped as he fled from the pursuing police. Just before catching up to the defendant, one of the officers saw him reach into the front of his pants and take something out with his hand. Upon apprehending the defendant, police found clutched in his hand two plastic sandwich bags, one containing four small plastic bags of marihuana — identical to the one seized from the occupant of the car — and the other containing six small capsules of crack cocaine. The defendant also had $57 in cash in his pocket.

Other relevant facts are included in our analysis as necessary.

1. *Sufficiency of the evidence.* The defendant does not contest the sufficiency of the Commonwealth's proof with respect to the possession element of G. L. c. 94C, § 32A. Rather, he asserts that there was inadequate proof to support the inference that he possessed the cocaine with an intent to distribute it. The evidence, he argues, was equally consistent with the inference that the cocaine was intended for his personal use. See *Commonwealth* v. *Tripp*, 14 Mass. App. Ct. 997, 999 (1982). We agree, however, with the Commonwealth that the facts and inferences most favorable to the prosecution, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), warranted a rational factfinder to conclude that the defendant possessed the six vials of crack cocaine with the intent to distribute them.

As the defendant emphasizes in his brief, the quantity of drugs recovered here was small, arguably consistent with an inference of personal use if standing alone. "Quantity, however, is not the only relevant circumstantial evidence of intent to distribute." *Commonwealth* v. *LaPerle*, 19 Mass. App. Ct. 424, 429 (1985). Here, there was expert testimony that the form of packaging — six ampules of cocaine contained in a larger bag — indicated that the cocaine was being held by the defendant for sale. See *Commonwealth* v. *Gonzales*, 33 Mass. App. Ct. 728, 731 (1992). See also *Commonwealth* v. *Clermy*, 421 Mass. 325, 331 (1995); *Commonwealth* v. *Pena*, 40 Mass. App. Ct. 905 (1996); *Commonwealth* v. *Burke, ante* 76, 79-80 (1997). Bolstering this conclusion are the police observation of the defendant engaged in a hand-to-hand drug sale of marihuana immediately prior to his attempted flight and the seizure of the cocaine that had been hidden in the same place as his stash of marihuana. *Id.* at 80.

The defendant relies on *Commonwealth* v. *Ellis*, 356 Mass. 574, 578-579 (1970), in which the Supreme Judicial Court held that the "intent to sell heroin inferred from the possession of large quantities of that drug cannot also be used to sustain a finding that the defendant has been shown beyond a reasonable doubt to have intended to sell the [other drugs in his possession]." In that case, however, the other drugs consisted of six "methadon" tablets found in a prescription bottle in a bedroom dresser. There was no apparent connection between the methadon and Ellis's large stash of heroin, and nothing about the tablets (such as their form of packaging) in any way suggested that they were intended for sale.

By contrast, in the present case, the quite different facts make the defendant's conduct vis-à-vis the marihuana highly probative of his intent regarding the cocaine: (1) the cocaine had been stored (and secreted) alongside the marihuana that the defendant had been seen vending; (2) the cocaine was packaged in the same manner as the marihuana; (3) the defendant had the cocaine in his actual possession; and (4) he was, unlike the defendants in the cases relied on in his brief, actively engaged in selling drugs. See *Commonwealth* v. *Burke, ante* at 79-80. In view of all of the circumstances, the evidence was amply sufficient to warrant submission of the issue of the defendant's intent to distribute the cocaine to the jury for resolution.

2. *Request for continuance.* After the first day of trial, the

defendant disappeared. There was some evidence, conveyed to the trial judge by defense counsel, that the defendant had been involved in a motor vehicle accident the previous evening, had required stitches, had taken medication that could produce drowsiness, and had overslept. Although defense counsel objected and moved for a continuance, trial resumed without the defendant. The trial judge, after eliciting information from defense counsel, the prosecutor, the court clerk, and the police about their vain efforts to locate the defendant, concluded that the missing defendant had intentionally absented himself from the trial. The defendant never appeared again and ultimately was returned to court only after his arrest on a default warrant several months later. The defendant contends that the trial judge erred in failing to grant a continuance after learning of the defendant's injury. He also assigns as error the subsequent denial of his motion for a new trial based on his absence from his trial — which his counsel attributed (based on the medical records indicating the possibility of drowsiness, but without benefit of medical affidavit) to "changes in mood and mental clouding" resulting from his injuries and pain medication. (The Commonwealth emphasizes that the defendant never again voluntarily appeared before or notified the court, even after any alleged injury and medication problems had ceased to affect him.)

Ideally, trial should not continue without the presence of the accused. See art. 12 of the Massachusetts Declaration of Rights; *Commonwealth* v. *McCarthy*, 163 Mass. 458, 458-459 (1895). Excepted from this general rule, however, are instances in which a defendant who is not in custody voluntarily absents himself from the proceedings. See *Commonwealth* v. *Flemmi*, 360 Mass. 693, 694 (1971). This exception is reflected in Mass.R.Crim.P. 18(a)(1), 378 Mass. 887 (1979), which provides that "[i]f a defendant is present at the beginning of a trial and thereafter absents himself without cause . . . . , the trial may proceed to a conclusion . . . [except for sentencing] . . . ." The trial judge was warranted in concluding that such a situation existed on the circumstances that had been presented.

In his findings following a hearing on the defendant's motion for new trial, the motion judge (who had also been the trial judge) recalled that before denying the request for a continuance he had learned that, on the evening before the defendant's disappearance, the defendant had been released from a hospital

emergency room after treatment for facial lacerations. When the defendant failed to appear the next day, police officers called at his home, but the defendant's mother informed them that the defendant was not there. A message was left for the defendant to contact his attorney at the courthouse, but no return call was received after several hours. Based on those facts, the judge concluded that the defendant had "voluntarily absented himself from [the] trial," a finding supported by the facts available to the judge at the time. The denials of defense counsel's motions for a continuance were, therefore, proper. As there was no error in the refusals to grant a trial continuance, the defendant's motion for new trial, based entirely on the assertion of such an error, also was properly denied.

As an aside, we note that the trial judge forcefully instructed the jury that they should draw no adverse inference from the fact that the defendant was not present. That charge minimized the possibility of prejudice. Further, the prosecutor made no improper references to the defendant's absence. Compare *Commonwealth* v. *Kane*, 19 Mass. App. Ct. 129, 135-137 (1984). There was no error.

*Judgments affirmed.*

*Order denying motion for new trial affirmed.*