**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Luis PEREZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 22, 2000.

Filed Aug. 1, 2000.

* Retired Justice assigned to the Superior Court.

Robert T. King, Wayne, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, STEVENS and MONTEMURO *, JJ.

DEL SOLE, J.:

¶ 1 Following a jury trial *in absentia,* Appellant was convicted of possession with intent to deliver a controlled substance (2 counts), knowing and intentional possession of a controlled substance, and criminal conspiracy. He was sentenced to an aggregate term of imprisonment of seven to fifteen years and fined $75,000. Appellant did not file a direct appeal; however, he filed a *pro se* petition pursuant to the Post Conviction Relief Act. Appellant's right to appeal was restored *nunc pro tunc.* This appeal follows.

¶ 2 The relevant facts establish that Appellant and co-defendant were arrested after selling a quarter pound of cocaine on two separate occasions for $3,125 and $3,100 to an undercover police officer and

informant. Appellant was released on bail after signing a subpoena ordering his appearance at a pretrial hearing on December 8, 1995. Appellant's counsel was present at the hearing; however, Appellant failed to appear. After making the determination that he was absent without cause, the court issued a bench warrant for Appellant's arrest and scheduled his trial for February 27, 1996. Appellant failed to appear on February 27th and the trial was then rescheduled for June 3, 1996. On June 3rd Appellant again failed to appear for his trial. After a June 4th hearing where it was determined that Appellant had sufficient notice of his trial date, he was tried *in absentia.*

¶ 3 Appellant asserts the following issue on appeal: whether the trial court erred in conducting his trial *in absentia* while he was being held in custody. In order to try a person *in absentia* it must be determined that the defendant had notice of his trial date and willfully failed to appear. *Commonwealth v. Johnson,* 734 A.2d 864, 866 (Pa.Super.1999). Appellant concedes that he initially waived his right to be present at his trial and, thus, does not challenge that he was given proper notice of his trial date or that his absence was willful. However, Appellant contends that his right was restored when he was taken into custody and that the Commonwealth denied him his right by failing to transport him to his trial in progress.

¶ 4 The record indicates that the trial court became aware that Appellant was in custody at his sentencing *in absentia* on June 25, 1996. The trial judge said that he received an e-mail from pretrial services informing him of Appellant's incarceration and continued Appellant's sentencing until June 26th so Appellant was able to attend. N.T., 6/25/96, at 22. The record does not indicate when Appellant was arrested; however, Appellant attached a letter to his brief from the sheriff's office stating that he was arrested late in the evening on June 18th and was in the custody of the prison system beginning June 19th. Since Appellant's trial *in absentia* began on June 18th, it is his contention that he should have been taken to his trial on June 19th.

¶ 5 Appellant's claim must fail because his absence is not attributable to the Commonwealth. The record does not support a finding that authorities had reason to inquire about Appellant's trial upon his arrest as his bench warrant gave no indication of his trial date. Furthermore, there is no indication that Appellant took appropriate action. He did not inform authorities of his incarceration as he is required to do as a condition of his bail, nor did he contact his counsel. *Commonwealth v. Byrd,* 325 Pa.Super. 325, 472 A.2d 1141, 1143 (1984); N.T., 6/25/96, at 23.

¶ 6 The Commonwealth cannot be charged with knowledge of Appellant's incarceration until his bench warrant hearing. The letter from the sheriff's office indicates that Appellant's bench warrant hearing took place on June 21, 1996, within the customary forty-eight hours following his arrest. The record reveals that Appellant's trial *in absentia* concluded on June 21st. Therefore, Appellant was present at the earliest proceeding (his sentencing) following his identification at his bench warrant hearing. Accordingly, this claim has no merit.

¶ 7 Judgment of sentence affirmed.