24 P.3d 1123 (2001)
STATE of Washington, Respondent,
v.
Anthony Lloyd ATHERTON, Appellant.
No. 45976-7-I.
Court of Appeals of Washington, Division 1.
June 18, 2001.
*1124 Eric J. Nielsen, Nielsen, Broman & Associates PLLC, Seattle, for Appellant.
Daniel Jason Clark, King County Deputy Prosecuting Attorney, Seattle, for Respondent.
BAKER, J.
Anthony Atherton did not appear for the last day of his trial because he had been incarcerated on an unrelated charge. The trial court found that Atherton had voluntarily waived his right to be present at trial, and refused to grant a mistrial. Atherton was found guilty, and now appeals. Because the record does not establish voluntary waiver, we reverse.

I
Atherton was charged with delivery of cocaine with an enhancement for delivering drugs within one thousand feet of a school bus stop.[1] He was out of custody on bond during his jury trial. He appeared for court on the first three days of his trial. Late in the afternoon on the third day, the State rested its case. The court excused the jurors and asked them to return at 9:00 A.M. on the following Monday morning.
Atherton did not appear in court on Monday morning. The court asked defense counsel if he knew where Atherton was. Counsel said that he had called Atherton's apartment twice, called Atherton's mother's house, checked his own messages twice, and checked out in the hallway, but Atherton was nowhere to be found. Defense counsel also indicated that he had anticipated the arrival of a defense witness who was not present. Defense counsel asked for a mistrial. The court denied the mistrial and permitted the trial to resume, stating that "I deem Mr. Atherton's non-presence as a voluntary absence since we have not heard anything else other than the fact that he has not shown up." The defense rested, and counsel proceeded with closing arguments.
During closing arguments, the court learned from defense counsel's office that Atherton was incarcerated at King County jail. When counsel were informed following closing arguments, defense counsel again moved for a mistrial, arguing that someone should have called the jail looking for Atherton. Counsel emphasized that incarceration does not constitute voluntary absence. In the alternative, defense counsel asked that the court send a note to the jury explaining that the defendant was unavailable due to circumstances beyond his control. The court denied defendant's motion for a mistrial and refused to send an explanatory note to the jury.
The following day, Atherton was brought to court. Defense counsel renewed his motion for a mistrial, noting that Atherton had been arrested on Sunday morning on unrelated charges and that he had asked the jail to call the court on Monday morning. The court again denied the motion for mistrial:

*1125 This court was not aware of Mr. Atherton's whereabouts as was counsel [sic]. And the fact that he was picked up during the weekend on a Sunday, I believe, among the charges were drinking in public and two other charges plus a fugitive warrant as I understand it, were matters not under the court's understanding of his whereabouts nor either counsel in this case. And if he was picked up on another charge during the weekend, it was allegedly by his own actions that he got picked up and there was some kind of duty on his part to inform his counsel and the court of his whereabouts if that be the situation.
The jury found Atherton guilty as charged.
At sentencing, Atherton said that he "had the PR lady call and leave a message on the judge's chambers' recorder and nobody came and got me for my trial." The judge said that he didn't have voice mail. Atherton also said that he had called his attorney. The judge told Atherton that no one knew where he was that day. Atherton replied that "[t]hey got to know where I was because I had an arraignment where they had a prosecutor there for an arraignment. On top of it they took me to trial." The court replied "[w]ell, at this point the trial deputy did not know about it all, right?" and the defendant agreed. Atherton was sentenced, and now appeals.

II
An accused enjoys a right to be present at all stages of trial pursuant to the sixth amendment's confrontation clause and the due process clauses of the fifth and fourteenth amendments, as well as Washington's state constitution.[2] The state and federal constitutional rights to be present at trial may be waived, however, provided the waiver is voluntary and knowing.[3] A voluntary absence after trial has begun operates as an implied waiver of the right to be present.[4] Similarly, CrR 3.4(b) provides that "the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."
In determining whether a defendant's absence was voluntary, the trial court must (1) make a sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding whether the absence was voluntary; (2) make a preliminary finding of voluntariness (when justified); and (3) afford the defendant an adequate opportunity to explain his absence when he is returned to custody and before sentence is imposed.[5] Whether a voluntary waiver has occurred is determined by the totality of the circumstances.[6] The court will indulge a presumption against a waiver of the right.[7]
Atherton does not contest the trial court's preliminary finding that he was voluntarily absent on the morning of the last day of trial, when the court had no information regarding his whereabouts. However, Atherton contends that the court erred by subsequently finding that he was voluntarily absent, despite learning of his incarceration. Atherton first asks us to adopt a per se rule that an incarcerated defendant cannot voluntarily waive the right to appear at trial. Alternatively, Atherton argues that the facts in his case do not support a finding of voluntary waiver.
This is an issue of first impression in Washington. Some jurisdictions have adopted a per se rule,[8] while others prefer to *1126 allow the trial court to make a factual inquiry into the circumstances surrounding the defendant's incarceration, leaving the door open to a finding that an incarcerated defendant voluntarily waived the right to appear.[9]
We decline Atherton's invitation to adopt a per se rule that an incarcerated defendant can never voluntarily waive the right to appear at trial. Even when the defendant is not present at trial due to incarceration, a fact-based inquiry reserves the option to find voluntary waiver when appropriate. However, in light of the presumption against waiver, we emphasize that a finding that an incarcerated defendant has voluntarily waived the right to attend trial will be subjected to careful examination.[10]
We now consider whether the record in this case supports a finding of voluntary waiver. The trial court reasoned that Atherton voluntarily waived his right to appear by (1) failing to quash a warrant; (2) engaging in criminal activity that led to his arrest;[11] or (3) failing to timely notify defense counsel or the court of his incarceration.
A waiver of the constitutional right to appear at trial should not be presumed unless the defendant's action or omission was clearly intended to result in his absence from a specific trial day. A voluntary action is "[p]roduced in or by an act of choice," implies "knowledge of essential facts,"[12] and is "intentional rather than accidental."[13] Courts have refused to find voluntary absence where the defendant provided sufficient evidence that his absence was due to circumstances beyond his control.[14] Employing similar reasoning, courts have found a defendant's actions indicative of a voluntary absence from trial when it can be inferred that his absence was intentional.[15] In deciding whether a defendant's absence was intentional, and therefore voluntary, courts often place great emphasis on whether the defendant attempted to contact the court.[16]
We conclude that an incarcerated defendant has a duty to make reasonable efforts to inform the court of his situation. In the absence of such a duty, a defendant who finds himself incarcerated on an unrelated charge may deliberately avoid contacting the court or counsel, knowing that the court would make a preliminary finding of voluntary absence and continue with the trial. After the verdict, defendant could then reveal his situation and argue that he was not voluntarily absent because he was incarcerated and he had no duty to contact the court. However, once the court discovers that a defendant's absence is due to incarceration, the court must conduct an inquiry into the circumstances surrounding the defendant's absence before affirming its preliminary finding of voluntary waiver. If there is unrefuted evidence that the defendant was unable to *1127 call in a timely manner, or tried but failed to make contact, then the court must retract its preliminary finding of voluntary waiver. If the court continued the trial in defendant's absence, and subsequently determines that the absence was involuntary, the court must grant a mistrial.
The court's preliminary finding of voluntary waiver, made at 9:30 A.M. on Monday morning, was justified under the circumstances. However, we are concerned that the court decided to proceed immediately with the trial without making any other inquiries, rather than wait for a reasonable period to see if Atherton's whereabouts became known. A decision to proceed after finding voluntary waiver should not be made lightly because the court must grant a mistrial if the court subsequently discovers that the finding was unjustified.
There is uncontroverted evidence in the record that Atherton made various unsuccessful attempts to contact the court and counsel. He said that he told the "PR lady" at the jail to contact the court, and that he had tried to call the court and counsel. There was nothing in the record indicating what time Atherton tried to make these calls, whether he had access to a phone before his trial commenced on Monday morning, or whether he actually asked a court employee to make the calls for him. The court did not ask these questions. Instead, it assumed that Atherton's absence was voluntary because the court did not receive notice of his incarceration until later that morning. This was error.
It is apparent that there was no direct relationship between Atherton's acts or omissions and his failure to continue attending his trial. By engaging in criminal activity and failing to quash a warrant, Atherton exposed himself to being arrested. However, there is nothing in the record indicating that he intended to be arrested and incarcerated in the middle of his trial on an unrelated charge.[17]
We hold that the record does not support the renewed finding that Atherton voluntarily waived his right to be present at trial. Accordingly, we grant Atherton's motion for a mistrial.
Reversed and remanded.
COLEMAN, J., and ELLINGTON, J., concur.
NOTES
[1] RCW 69.50.401(a)(1)(i); RCW 69.50.435(a)(3).
[2] State v. Thomson, 123 Wash.2d 877, 880, 872 P.2d 1097 (1994); United States v. Gagnon, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985).
[3] Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); State v. Rice, 110 Wash.2d 577, 619, 757 P.2d 889 (1988).
[4] Rice, 110 Wash.2d at 619, 757 P.2d 889.
[5] State v. Washington, 34 Wash.App. 410, 414, 661 P.2d 605 (1983).
[6] Washington, 34 Wash.App. at 413, 661 P.2d 605.
[7] State v. LaBelle, 18 Wash.App. 380, 389, 568 P.2d 808 (1977).
[8] People v. Liming, 183 Ill.App.3d 960, 132 Ill. Dec. 308, 539 N.E.2d 871, 872 (1989); State v. Houtz, 714 P.2d 677, 678 (Utah 1986); State v. Sainz, 186 Ariz. 470, 924 P.2d 474, 477-78 (Ariz. App.1996); State v. Chavez-Inzunza, 145 Ariz. 362, 701 P.2d 858, 861 (Ariz.App.1985).
[9] People v. Epps, 37 N.Y.2d 343, 372 N.Y.S.2d 606, 334 N.E.2d 566, 571 (1975) (finding voluntary waiver where defendant refused to attend trial as part of an inmate-wide boycott of the courts); Commonwealth v. Perez, 757 A.2d 955, 956 (Pa.Super.2000) (finding voluntary waiver where defendant made no attempt to inform court or counsel of his incarceration); United States v. Fontanez, 878 F.2d 33, 36-37 (2nd Cir. 1989) (refusing to find voluntary waiver where court proceeded with the trial despite knowing of defendant's incarceration).
[10] Epps, 372 N.Y.S.2d 606, 334 N.E.2d at 571.
[11] The record is not clear as to whether Atherton was arrested on the outstanding warrant alone, or whether he engaged in additional criminal conduct which led to his arrest.
[12] Black's Law Dictionary 1575 (6th ed.1990).
[13] In re Marriage of Pollard, 99 Wash.App. 48, 54, 991 P.2d 1201 (2000).
[14] United States v. Mackey, 915 F.2d 69, 73-74 (2d Cir.1990) (car trouble); United States v. Fontanez, 878 F.2d 33, 36 (2d Cir.1989) (incarceration on an unrelated matter).
[15] Rice, 110 Wash.2d at 619, 757 P.2d 889 (suicide attempt indicative of defendant's intention to voluntarily absent himself from trial because inevitable result was hospitalization or death); Epps, 372 N.Y.S.2d 606, 334 N.E.2d at 571 (court boycott).
[16] State v. Wagstaff, 772 P.2d 987, 990 (Utah App.1989); Brewer v. Raines, 670 F.2d 117, 119 (9th Cir.1982); United States v. Mackey, 915 F.2d 69, 73 (2nd Cir.1990); Commonwealth v. Perez, 757 A.2d 955, 956 (Pa.Super.2000); State v. Cassidy, 567 N.W.2d 707, 710 (Minn.1997); State v. Galloway, 16 Kan.App.2d 54, 817 P.2d 1124, 1128 (1991).
[17] The State also cites State v. Newkirk, 122 Wash.2d 174, 857 P.2d 1030 (1993) for the proposition that Atherton voluntarily waived his right to be present at trial because he failed to attempt to quash a warrant. Newkirk does not support the State's position. The issue in Newkirk was whether defense counsel's motion to quash a warrant was sufficient to restart the speedy trial clock when there was no record that the defendant was present at the hearing. Because CrR 3.3(d)(2) imposes an "affirmative obligation" to make a showing of availability on the record, the court held that the trial court's granting of counsel's motion to quash a warrant does not give notice to the court of the defendant's present availability for trial. Newkirk, 122 Wash.2d at 179, 857 P.2d 1030. Here, there is no court rule or case law creating an affirmative obligation for a defendant to quash a warrant in order to preserve the constitutional right to be present at trial.