77 P.3d 347 (2003)
STATE of Washington, Respondent,
v.
Benjamin GARZA, Petitioner.
No. 72959-0.
Supreme Court of Washington, En Banc.
October 9, 2003.
*348 Washington Appellate Project, Stephen Kim, Elaine Winters, Seattle, for Petitioner.
Norm Maleng, King County Prosecutor, Daniel Clark, Deputy County Prosecutor, for Respondent.
IRELAND, J.
Defendant Benjamin Garza claims that his constitutional right to be present at trial was violated when his jury trial for attempting to elude a pursuing police vehicle proceeded in his absence. When Garza did not appear in court on time after his trial was underway, the judge made a preliminary finding of voluntary absence and proceeded with the jury trial without him. Because the trial judge abused his discretion when he initially found Garza's absence voluntary, we reverse and remand for a new trial.

FACTS AND PROCEDURE
Garza was alleged to have engaged in a lengthy high-speed chase on the night of September 18, 1999. After state patrol and Bellevue police chased Garza for more than 30 minutes, Garza abandoned the vehicle in Bellevue and ran away. The state patrol investigated the license plates on the car and contacted the owners who said they had loaned the car to William Gonya. The canine unit that responded to the scene tracked the driver from the abandoned car to the street in front of Gonya's house. Garza had a room in Gonya's home, and he was arrested there.
In February 2000, Garza was charged by information with attempting to elude a pursuing police vehicle in violation of RCW 46.61.024. Clerk's Papers (CP) at 1. On June 15, 2000, Garza's trial began in King County Superior Court. During pretrial proceedings, the trial court recessed for three hours because Garza was late. The first morning of the trial, Garza was 45 minutes late. The trial judge, the Honorable Richard Ishikawa, challenged Garza on his tardiness and warned him that he "had better not be late again for any of the court sessions." Tr. of Proceedings (TP) (June 13, 2000) at 7.
On the morning of June 19, Garza's counsel informed the court that Garza had called and said that he was running slightly behind, but expected to be in court by 9:20 a.m. However, Garza did not appear by that time. At 9:25 a.m., with Garza's whereabouts uncertain, the court ordered the jury trial to proceed without him "under Criminal Rule 3.4(b), voluntary absence of the defendant." *349 TP (June 19, 2000) at 4. The court allowed Garza's counsel to check his office voice mail again at 10:00 a.m. Just after 11:00 a.m., the judge reiterated that he had made a determination that Garza was voluntarily absent and issued a bench warrant.
Testimony was concluded on June 19. Later that evening, Garza's counsel unsuccessfully attempted to locate him at King County Jail. Jury instructions and closing arguments took place the next day. Garza still did not appear. The jury entered a verdict of guilty on June 20.
On June 26, 2000, Garza moved for a new trial, asserting a violation of his constitutional right to be present at trial. At the motion hearing, Garza explained that on the morning of June 19, his friend was giving him a ride to the court. On their way, the driver was pulled over by the Lynnwood police department for a tail light violation. The officer asked Garza for identification, and a computer search revealed an outstanding bench warrant in Bothell. Garza was arrested and taken to the Lynnwood jail. Garza told the judge that he had spoken to the officer, saying, "I told him, I go, well, if I'm going to get picked up please notify King County to let them know that I can't make it in." TP (July 21, 2000) at 13. The exact words of the conversation are not part of the record, and the arresting officer did not testify at the hearing.
Despite Garza's alleged request, no one called the court, the prosecutor's office, or Garza's counsel. Garza offered no evidence of taking other steps to contact the court while he was being held. Garza told the judge that he was released on bail after 7:00 p.m. on June 19. He went to the Bothell court after he was released. He did not contact his attorney immediately upon release. On June 22, Garza's counsel "learned of"[1] Garza's incarceration. CP at 35.
At the close of the hearing, the court denied the motion for a new trial. CP at 45. The court reasoned that:
I have to take [into account] the fact that he was arrested because of an outstanding warrant from another court and that's why he was arrested. I would assume also that he could have made a phone call either to you, your officer, this court, that this was the circumstance. But not knowing at the time that he doesn't show up. I was assured by counsel he was on his way because his ride had to be changed. And hearing nothing further and waiting and nothing happening, this was voluntary on his part because he basically didn't take care of a previous warrant,[2] which he knew about or should have known about because of the fact of his failing to appear for an arraignment in Bothell.... On that basis, I'm finding that he voluntarily absented himself and the motion for a new trial will be denied.
TP (July 21, 2000) at 15-16; CP at 45 (incorporating oral findings into the written order denying the motion).
Garza appealed, but the Court of Appeals affirmed. State v. Garza, 112 Wash.App. 312, 322, 48 P.3d 385 (2002). We granted Garza's petition for review.

ISSUE
When may the court find that a defendant, arrested and incarcerated on another charge, has voluntarily absented himself?

ANALYSIS
I. Standard of Review
Although the parties dispute the correct standard of review to apply in this case, we hold that the trial court's decision regarding voluntary absence is reviewable for abuse of discretion.[3] Citing Territory of Guam v. *350 Palomo, 35 F.3d 368, 374 (9th Cir.1994). Garza contends that Ninth Circuit precedent requires us to use the de novo standard when addressing Sixth Amendment issues. In Palomo, the court stated, "We review de novo Sixth Amendment questions." 35 F.3d at 374 (citing United States v. Iglesias, 881 F.2d 1519, 1523 (9th Cir.1989)). However, the Palomo court did not determine a question of whether a trial court's finding of waiver violated the defendant's Sixth Amendment right to be present at trial. It reviewed a claimed error that the trial court violated the defendant's right to compulsory process under the Sixth Amendment. Therefore, it is not precisely on point, and Garza cites no other authority to support application of the de novo standard.
Furthermore, the de novo standard is better applied when the appellate court is in the same position as the trial court and may make a determination as a matter of law. The abuse of discretion standard is appropriate when a trial court is in the best position to make a factual determination. Here, because the determination of whether a defendant was voluntarily absent from trial is dependent upon an inquiry into the facts and the totality of the circumstances, the trial court is in a better position to pass on the question. Therefore, abuse of discretion is the correct standard of review for a trial court's determination of whether the defendant's absence is voluntary and, thus, a waiver of the right to be present at one's trial.
A trial court has abused its discretion when its "decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons." State v. Woods, 143 Wash.2d 561, 626, 23 P.3d 1046 (2001) (emphasis omitted).
II. Voluntariness of Waiver

A. Voluntary Absence as Waiver

A defendant has a right, under the Washington and United States Constitutions, to be present at trial. State v. Thomson, 123 Wash.2d 877, 880, 872 P.2d 1097 (1994). This right is considered fundamental. See Rushen v. Spain, 464 U.S. 114, 117, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983). However, the defendant may waive this right. Thomson, 123 Wash.2d at 880, 872 P.2d 1097. The waiver must be voluntary and knowing. Id. Once trial has begun in the defendant's presence, a subsequent voluntary absence operates as an implied waiver, and the trial may continue without the defendant. Thomson, 123 Wash.2d at 880-81, 872 P.2d 1097; CrR 3.4(b).
The determination of whether the defendant's absence is voluntary depends upon the totality of the circumstances. Thomson, 123 Wash.2d at 881, 872 P.2d 1097. Under the test adopted in Thomson:
The trial court will
"(1) [make] sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding whether the absence was voluntary,
(2) [make] a preliminary finding of voluntariness (when justified), and
(3) [afford] the defendant an adequate opportunity to explain his absence when he is returned to custody and before sentence is imposed."
Id. (quoting State v. Washington, 34 Wash.App. 410, 414, 661 P.2d 605 (1983)). The Thomson court approved this inquiry as ample protection of the right to be present at trial because "[t]he 3 prong voluntariness inquiry ensures the court will examine the circumstances of the defendant's absence and conclude the defendant chose not to be present at the continuation of the trial." Id. at 883, 872 P.2d 1097. In addition, it "provides an opportunity for the defendant to explain his or her disappearance and rebut the finding of voluntary absence before the proceedings have been completed." Id.
In performing the analysis, the court indulges every reasonable presumption against waiver. See id. at 881, 872 P.2d 1097. See also State v. LaBelle, 18 Wash.App. 380, 389, 568 P.2d 808 (1977) (citing Hodges v. Easton, 106 U.S. (16 Otto) 408, 412, 1 S.Ct. 307, 27 L.Ed. 169 (1882); State v. Williams, 87 Wash.2d 916, 921, 557 P.2d 1311 (1976); Little v. Rhay, 8 Wash.App. 725, 728, *351 509 P.2d 92 (1973)), overruled on other grounds by State v. Hammond, 121 Wash.2d 787, 791, 854 P.2d 637 (1993). This presumption is the central focus of our inquiry today. Neither the Court of Appeals nor the parties appear to have made a proper application. For instance, Garza argues that because the court is required to indulge in reasonable presumptions against waiver, the State has the burden of proving that the waiver was voluntary, something it failed to do.
On the other hand, the Court of Appeals reasoned that the presumption against waiver does not require the State to rebut it. Garza, 112 Wash.App. at 321-22, 48 P.3d 385. Instead, the presumption tempers the trial court's application of the third prong of the Thomson inquiry. Id. at 322, 48 P.3d 385. According to the Court of Appeals' interpretation, once the court has made an appropriate preliminary finding of voluntary absence (i.e., applied the first two prongs of the Thomson inquiry), the "burden shifts to the defendant to demonstrate that his or her absence was not voluntary .... [including a showing] that he or she made reasonable attempts to contact the court and counsel." Id. at 321, 48 P.3d 385. At this point, the presumption against waiver "simply ensures that the court will review the circumstances of the defendant's absence and attempts to contact the court in a generous light." Id. at 322, 48 P.3d 385.
We agree that the burden does not shift to the State to prove that a defendant's absence was voluntary. However, the Court of Appeals' application of the presumption only to the final prong of the Thomson inquiry is needlessly limiting. The presumption against waiver must be the overarching principle throughout the inquiry. Otherwise, the right to be present is not safeguarded as the Thomson court intended.
This case illustrates the point. Garza called ahead to say he was on his way and warn his attorney he was going to be late, something he had not previously done. When Garza did not arrive at the appointed time, the judge could reasonably have presumed that something outside Garza's control was delaying him. Indulging this presumption the judge should have waited a more reasonable time than five minutes for Garza to arrive. Instead, the judge immediately deemed Garza's absence voluntary. This hasty determination of voluntary absence does not satisfy the Thomson court's requirement that the trial court sufficiently inquire into the circumstances of a defendant's absence. The court's decision to proceed after only five minutes was manifestly unreasonable. Therefore, the determination of voluntary absence without reference to the presumption against waiver was an abuse of discretion.

B. Effect of Incarceration on Waiver

We have not addressed the question of how absence from trial when the defendant was incarcerated on unrelated charges affects the voluntary waiver inquiry. However, the Court of Appeals analyzed this issue in State v. Atherton, 106 Wash.App. 783, 24 P.3d 1123 (2001). In that case, the defendant was present for the first three days of trial. The next day, he did not appear. The trial court deemed Atherton's absence to be voluntary and permitted trial to continue without him, refusing to grant a mistrial. During closing arguments, the court learned that Atherton had been incarcerated on an outstanding warrant, but again denied defense counsel's motion for mistrial. Atherton was present the next day and renewed the motion. Atherton explained that he had (1) asked an employee to contact the court, (2) tried to call the judge, and (3) tried to call his attorney. His motion was denied.
The Court of Appeals reversed. In doing so, it declined to adopt a per se rule, advocated by Atherton and adopted in some jurisdictions, that incarcerated defendants cannot voluntarily waive their right to be present at trial. Id. at 788-89, 24 P.3d 1123. Instead, it approved a rule necessitating a factual inquiry into the circumstances surrounding the incarceration. Id. Such a rule, the court reasoned, allows a finding of voluntary waiver when appropriate and protects against an opportunistic defendant who waits to discover the outcome of the trial and move for retrial if the verdict was guilty. Id. at 789, 790, 24 P.3d 1123.
*352 The Court of Appeals imposed a duty on the incarcerated defendant "to make reasonable efforts to inform the court of his situation." Id., at 790, 24 P.3d 1123. When the defendant appears before the trial court following the incarceration:
[T]he court must conduct an inquiry into the circumstances surrounding the defendant's absence before affirming its preliminary finding of voluntary waiver. If there is unrefuted evidence that the defendant was unable to call in a timely manner, or tried but failed to make contact, then the court must retract its preliminary finding of voluntary waiver .... [and] grant a mistrial.
Id. Atherton offered uncontroverted evidence that he had tried to inform the court of his incarceration. The Court of Appeals held that the trial court erred when it failed to inquire more closely into those efforts and merely assumed that the absence was voluntary. Id., at 791, 24 P.3d 1123. Because the record did not support a renewed finding of voluntary absence, the court granted Atherton's motion for a mistrial.
Atherton does not bind this court, but we approve its approach to voluntary waiver when the absent defendant has been incarcerated. As part of the third prong of Thomson, when the trial court affords the defendant the chance to explain the absence from trial, the defendant must show that he or she genuinely tried but failed to contact the court. If the defendant's efforts were reasonable, the court must retract its preliminary finding of voluntary waiver and grant a mistrial. If the defendant's efforts were not reasonable, the court makes a renewed finding of voluntary absence.
The State urges us to find that Garza's efforts to contact the court were not reasonable. Indeed, the Court of Appeals reasoned that Garza's statement to the police, "`[N]otify King County to let them know that I can't make it in'" was too "vague and cryptic" to meet the Atherton requirement. Garza, 112 Wash.App. at 320, 48 P.3d 385. We do not actually decide the question of whether Garza's actions would justify a renewed finding of voluntary absence. Instead, we hold that even if Garza failed to make reasonable efforts to contact the court, it would not cure the judge's abuse of discretion in the preliminary determination of voluntary absence.

CONCLUSION
When a defendant is absent after trial has begun, where the defendant was originally present at the start of trial, the trial court must inquire into the circumstances surrounding the absence. If the circumstances so justify, the trial court may make a preliminary finding of voluntary absence and proceed with the trial. The trial court must give a defendant the opportunity to explain the absence. If the absence was due to incarceration, there must be a showing that the defendant could not, or tried but failed to, contact the court. Unless the trial court determines that the circumstances justify a renewed finding of voluntary absence, the court must declare a mistrial. These determinations are reviewed on appeal for abuse of discretion. The Court of Appeals' decision is reversed, Garza's conviction is vacated, and the cause is remanded for a new trial.
ALEXANDER, C.J., JOHNSON, BRIDGE, OWENS, FAIRHURST, JJ., concur.
MADSEN, J., (concurring).
I agree with section II A of the majority opinion.
CHAMBERS, J., concurs.
SANDERS, J., (concurring).
Although I agree with the majority's disposition, I do not agree with its analysis.
The majority acknowledges a defendant's Sixth Amendment right to be present at trial is a fundamental right that can only be waived if the waiver is voluntary and knowing, yet it adopts the deferential abuse of discretion standard to review Benjamin Garza's claim. Majority at 350, 351. The majority's decision is inconsistent with Arizona v. Fulminante, 499 U.S. 279, 286, 111 S.Ct. 1246, 1252, 113 L.Ed.2d 302 (1991) (holding the ultimate issue of voluntariness is *353 a legal question) and Rice v. Wood, 44 F.3d 1396, 1399 (1995) (holding whether a defendant waived his or her right to be present at trial is subject to de novo review), vacated in part on rehearing en banc, 77 F.3d 1138 (9th Cir.1996). State courts must defer to the federal courts' exposition of federal constitutional law. Cooper v. Aaron, 358 U.S. 1, 18, 78 S.Ct. 1401, 1409, 3 L.Ed.2d 5 (1958). By adopting the less rigorous standard, the majority jeopardizes a fundamental constitutional right.
Equally ill-conceived is the majority's adoption of a duty articulated by State v. Atherton whereby "an incarcerated defendant" is presumed to have waived his or her right to be present at trial unless the defendant "make[s] reasonable efforts to inform the court of his [or her] situation." 106 Wash.App. 783, 790, 24 P.3d 1123 (2001). The majority creates this purported duty out of whole cloth, and it is also contrary to the court rule which contains no such qualification. See majority at 352.
CrR 3.4 provides in part,
Presence of the Defendant
(a) When Necessary. The defendant shall be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules, or as excused or excluded by the court for good cause shown.
(b) Effect of Voluntary Absence. The defendant's voluntary absence after the trial has commenced in his or her presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by its lawyer for all purposes. In prosecutions for offenses punishable by fine only, the court, with the written consent of the defendant, may permit arraignment, plea, trial and imposition of sentence in the defendant's absence.
(c) Defendant Not Present. If in any case the defendant is not present when his or her personal attendance is necessary, the court may order the clerk to issue a bench warrant for the defendant's arrest, which may be served as a warrant of arrest in other cases.
The majority asserts its purpose is to prevent the "opportunistic defendant" from taking advantage of a subsequent arrest and incarceration while his or her first trial is still pending. Majority at 351. But it is not the court's prerogative to rewrite the rule to add a qualification not present in its plain text. In re Custody of Smith, 137 Wash.2d 1, 41, 969 P.2d 21 (1998). And the majority's imposition of such a duty contrary to the court rule is inconsistent with the requirement that "`[c]ourts indulge every reasonable presumption against waiver' of fundamental constitutional rights." College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 682, 119 S.Ct. 2219, 144 L.Ed.2d 605(1999) (quoting Aetna Ins. Co. v. Kennedy ex rel. Bogash, 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177 (1937)).
Although I would place my reliance on the plain language of the court rule which, by its terms, imposes no notification duty on the involuntarily absent defendant, I note most courts in other jurisdictions which have considered the matter have held that a defendant in custody on other charges cannot waive his or her right to be present at trial as a matter of law because he or she "is not free to make a voluntary decision about whether or not ... [to] attend the court proceedings," State v. Houtz, 714 P.2d 677, 678 (Utah 1986), and "his [or her] absence from the trial would be imputed, not to [the defendant], but to [the] custodian." Harris v. State, 115 Tex.Crim. 227, 28 S.W.2d 813, 815 (1930); see also State v. Okumura, 58 Haw. 425, 428, 570 P.2d 848, 851 (1977) (A court rule allowing the trial to proceed when a defendant has voluntarily absented himself or herself "generally applies in the case of a defendant who has in fact escaped or absconded, and does not apply to a defendant who is in custody."); Commonwealth v. Rivera, 44 Mass.App.Ct. 452, 455, 691 N.E.2d 972, 975 (1998) (A "trial should not continue without the presence of the accused" except in some "instances in which a defendant who is not in custody voluntarily absents himself from the proceedings."); State v. Sainz, 186 Ariz. 470, 473-74, 924 P.2d 474, 477-78 (Ct.App.1996)
("Had the court considered defendant's confinement, the only conclusion that *354 could have been reached was that defendant's absence was involuntary."); People v. Fields, 255 Ill.App.3d 787, 789, 195 Ill.Dec. 754, 629 N.E.2d 62, 63 (1993) ("[A] defendant who is incarcerated is not voluntarily absent from his court proceeding and has not waived his right to appear."); State v. Clements, 108 N.M. 13, 18, 765 P.2d 1195 (N.M.App.1988) ("[W]hile defendant was in custody at the detention center pursuant to the court's directive, he could not have been voluntarily absent from trial.").
Even those courts which have refused to adopt a per se rule that a defendant is incapable of a voluntary waiver while incarcerated have held that where "the defendant's absence was a direct result of being taken into police custody in connection with a crime not related to the trial" and there was evidence neither of fleeing, "nor a deliberate failure to appear without reason," the defendant has not waived his or her right to be present at trial. United States v. Fontanez, 878 F.2d 33, 36-37 (2d Cir.1989); People v. Herrera, 219 A.D.2d 511, 631 N.Y.S.2d 660 (1995). Some courts have upheld the waiver where a defendant refused to attend trial as part of an inmate-wide boycott of the courts, People v. Epps, 37 N.Y.2d 343, 350, 372 N.Y.S.2d 606, 334 N.E.2d 566 (1975), or failed to inform the court of his or her subsequent arrest and confinement in another jurisdiction when the terms of the defendant's release on bail required such notification. Commonwealth v. Perez, 757 A.2d 955, 956 (Pa.Super.2000). But that is not our case.
In light of the text of the court rule, considerable contrary authority from other jurisdictions, as well as the fundamental right at issue, the majority's imposition in dicta of a duty based upon its view of desirable public policy which requires the defendant to inform the court of an anticipated absence to avoid a waiver of his right to attend his own trial is clearly contrary to law.
NOTES
[1] The record does not disclose how counsel learned of the incarceration.
[2] The Court of Appeals has stated that this is not a sufficient reason to uphold a finding of voluntary absence. State v. Atherton, 106 Wash.App. 783, 791, 24 P.3d 1123 (2001).
[3] Garza had argued to the Court of Appeals that the abuse of discretion standard applied. Now, however, Garza claims the Court of Appeals erred in applying the abuse of discretion standard, rather than the de novo standard, to his Sixth Amendment claim that the trial court's finding of voluntary absence violated Garza's right to be present.