IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION II

| STATE OF WASHINGTON, | | No. 44774-6-II |
| --- | --- | --- |
| | Respondent, | |
| v. | | |
| TAMMERA MICHELLE THURLBY, | | PUBLISHED OPINION |
| | Appellant. | |

SUTTON, J. — Tammera Michelle Thurlby appeals her three convictions for unlawful delivery of a controlled substance. She argues that the trial court (1) violated her constitutional right to be present when it resumed the second day of trial in her absence, and (2) failed to adequately consider on the record the presumption against waiver of her right to be present at trial. We hold that the trial court did not abuse its discretion in continuing the trial in Thurlby's absence and that the trial court adequately considered on the record the presumption against waiver. Therefore, we affirm.

FACTS

On August 31, 2012[1], the State charged Tammera Michelle Thurlby with three counts of unlawful delivery of a controlled substance (methamphetamines) within 1000 feet of a school bus route stop.[2] Thurlby was present in the courtroom when her trial began on December 11, 2012. On that day, the trial court empaneled a jury and the State presented six of nine witnesses. Before

---

[1] The State later amended the information on December 11, 2012 and again on March 21, 2013.

[2] Uniform Controlled Substances Act (VUCSA), ch. 69.50 RCW.

the court recessed for the day, Thurlby's counsel instructed her to arrive at court before 9:00 AM the next day; Thurlby replied, "Okay." 1 Verbatim Report of Proceedings (VRP) at 103.

When the trial court reconvened shortly after 9:00 AM the next morning, Thurlby was not present in the courtroom. Thurlby's counsel stated that he did not have a telephone number to contact her. The trial court agreed to wait a few minutes before issuing a bench warrant, but almost 15 minutes later Thurlby still had not appeared. The trial court then issued a bench warrant; officers searched for Thurlby that morning, but could not find her. During the recess, the trial court also inquired with the St. John's Medical Center's patient intake department and the emergency room department, the court administration office, the clerk's office, and the jail but was unable to locate Thurlby and confirmed that none of these facilities had received a phone call from Thurlby. The trial court then took another recess until 1:30 PM to allow more time for officers to find Thurlby.

Following that recess, defense counsel made a motion for a mistrial or continuance, which the trial court denied. The trial court made a preliminary finding that (1) Thurlby was voluntarily absent because the trial court had not heard any good cause for her absence, (2) noted that rescheduling the trial would be difficult given the number of people involved in presenting the State's case, and (3) ruled that the trial would proceed without Thurlby in attendance. The trial resumed, and the jury returned guilty verdicts and special verdicts on each of the three charges against Thurlby.

On March 21, 2013, the trial court reconvened for sentencing after Thurlby was taken into custody on February 13, 2013. Before sentencing, the trial court provided Thurlby an opportunity to explain her absence on the second day of trial; under oath Thurlby explained that her mother

No. 44774-6-II

had serious health issues and had to have emergency surgery on December 12, 2012. Thurlby said that she had tried to call "the Clerk" to reschedule, but was told that because the charges were for a felony matter she could not reschedule. 2 VRP at 228. Thurlby apologized and explained that she did not attend trial because her mother was "everything" to her. 2 VRP at 229. The trial court also allowed Thurlby's mother to speak; she informed the trial court of her health problems leading up to the surgery and explained that Thurlby, her only child, had been present at the hospital that day to help her.

The trial court acknowledged Thurlby's decision to be with her mother instead of attending her trial, but noted that she had been "ordered" to be in court while her absence was a "choice." 2 VRP at 242. The trial court found that Thurlby's absence was a "willing voluntary waiver of her right to be present during the trial" and proceeded with the sentencing hearing. 2 VRP at 243. Thurlby timely appealed.

ANALYSIS

I. RIGHT TO BE PRESENT: ABSENCE AFTER TRIAL HAS BEGUN

The Sixth Amendment of the United States Constitution guarantees the right to be present at one's trial. *State v. Irby*, 170 Wn.2d 874, 880-81, 246 P.3d 796 (2011). The Washington State Constitution also grants every accused person the "right to appear" at trial. CONST. art. I, § 22 (amend. 10). A defendant may waive the right to be present, however, through voluntary absence if the waiver is voluntary, knowing, and intelligent. *State v. Frawley*, ___ Wn.2d ___, 334 P.3d 1022, 1027 (2014). A defendant's absence is voluntary if the trial court can infer that the defendant's absence was intentional, rather than beyond his or her control. *State v. Atherton*, 106 Wn. App. 783, 789-90, 24 P.3d 1123 (2001). When a defendant's voluntary absence occurs after

3

trial has begun, the trial court may, in its discretion, continue the trial to its conclusion, including entering a verdict. CrR 3.4(a), (b). We review the trial court's decision to proceed with trial despite the defendant's absence for abuse of discretion. *State v. Garza*, 150 Wn.2d 360, 365-66, 77 P.3d 347 (2003). The trial court has abused its discretion if the decision was "manifestly unreasonable, or [was] exercised on untenable grounds, or for untenable reasons." *State v. Woods*, 143 Wn.2d 561, 626, 23 P.3d 1046 (2001) (emphasis omitted).

To determine whether the defendant is voluntarily absent from trial, the trial court, under a totality of the circumstances standard, follows a three step process: It must (1) inquire sufficiently into the circumstances of the defendant's disappearance to justify a finding of voluntary absence, (2) make a preliminary finding of voluntariness if the circumstances in step one so allow, and (3) provide the defendant an opportunity to explain his or her absence before the trial court imposes a sentence. *State v. Thomson*, 123 Wn.2d 877, 881, 872 P.2d 1097 (1994). The trial court is required to indulge "every reasonable presumption against waiver" when performing each step. *Garza*, 150 Wn.2d at 367.

Thurlby acknowledges that even if the trial court was correct in making a preliminary finding of voluntary absence after its attempts to locate her for several hours before proceeding without her, once the trial court heard her explanation for her absence, its ruling was no longer reasonable. Additionally, Thurlby relies on *Garza*'s holding that an incarcerated defendant who makes reasonable efforts to inform the court that he or she cannot attend trial due to incarceration requires retraction of a preliminary finding of voluntariness. *Garza*, 150 Wn.2d at 370. She argues that *Garza* requires the same result here because she called the "Clerk's office" on December 12. Br. of Appellant at 9. We disagree.

4

In *Garza*, our Supreme Court held that the trial court abused its discretion when, after the defendant informed his counsel he would be late, the trial court waited only five minutes before proceeding with trial. *Garza*, 150 Wn.2d at 363-64. Rather than presume that "something *outside of Garza's control*" delayed him, the trial court did not indulge the presumption against waiver when it waited an unreasonably short amount of time and immediately concluding that the defendant's absence was voluntary. *Garza*, 150 Wn.2d at 369 (emphasis added). The Supreme Court held that the decision to proceed was manifestly unreasonable and that the trial court's preliminary determination of voluntary absence without employing the presumption against waiver was an abuse of discretion. *Garza*, 150 Wn.2d at 369. Garza's efforts to alert the trial court to his incarceration were irrelevant to the *Garza* holding. *See Garza*, 150 Wn.2d at 371.

This case is analogous to *Thomson*, which held that the trial court did not abuse its discretion in making a preliminary finding of voluntary absence where (1) Thomson informed his attorney that a medical emergency prevented him from being in court, but he did not provide a way to reach him again, and (2) the trial court issued a bench warrant in the morning after defendant's absence but did not reconvene the trial until 1:30 PM without any further contact from Thomson. *Thomson*, 123 Wn.2d at 879, 884. Similar to *Thomson*, the trial court here did not abuse its discretion when it made a preliminary finding of Thurlby's voluntary absence on December 12. Before it made its preliminary finding, the trial court sought information from multiple sources about any contact with Thurlby. The trial court waited over three hours for Thurlby to return to trial before making its ruling. Based on the information available that day, the trial court had no evidence that Thurlby's absence was due to an event outside of her control.

The trial court's decision to proceed with Thurlby's trial was not manifestly unreasonable nor based on untenable grounds.

The trial court also did not abuse its discretion when it found that Thurlby was voluntarily absent after hearing her explanation before sentencing. Thurlby and her mother addressed the trial court at length, but the trial court recognized that Thurlby's attention to her mother's needs was a voluntary choice while her attendance at court was mandatory. No circumstance "outside [of Thurlby's] control" prevented her from attending trial. *Garza*, 150 Wn.2d at 369.

We hold that the trial court did not abuse its discretion when it made a preliminary finding that Thurlby was voluntarily absent or when it found that her mother's emergency surgery did not prevent her from attending her trial.

## II. ADEQUATE CONSIDERATION OF PRESUMPTION AGAINST WAIVER

Thurlby argues that the trial court abused its discretion when it failed to expressly consider the presumption against waiver during its voluntary absence ruling at sentencing because the trial court never said the words "presumption against waiver." Suppl. Br. of Appellant at 5. She relies on *State v. Cobarruvias*[3] to support this argument. Because we decline to adopt the reasoning of *Cobarruvias*, we disagree.

Division Three of our court recently held that the trial court in *Cobarruvias* was required to expressly consider on the record the defendant's explanation for his trial absence in light of the presumption against waiver. *Cobarruvias*, 179 Wn. App. at 532. Under *Cobarruvias*, the trial court must do more than "simply listen" when the defendant offers an explanation for his or her

---

[3] *State v. Cobarruvias*, 179 Wn. App. 523, 532, 318 P.3d 784 (2014).

absence. *Cobarruvias*, 179 Wn. App. at 533. *Cobarruvias* requires the trial court, on the record, to (1) determine "what actually happened" that prevented the defendant from coming to trial, (2) "assess the reasonableness" of the defendant's absence in light of what happened, and (3) decide whether that absence was voluntary. *Cobarruvias*, 179 Wn. App. at 533. Division Three stated that it could not determine whether the trial court in that case, when it ruled that the defendant had been voluntarily absent after the defendant's explanation, began its analysis "anew" or if it began "with its (well supported) original determination of voluntariness and weigh[ed] that against the reasonableness of the defendant's actions." *Cobarruvias*, 179 Wn. App. at 533. Because it could not make this determination, Division Three held that the trial court abused its discretion, reversed the trial court and remanded for a new trial. *Cobarruvias*, 179 Wn. App. at 533.

*Cobarruvias* is an unwarranted extension of *Garza* and *Thomson*: Neither *Thomson* nor *Garza*, two earlier Washington Supreme Court cases, require an explicit mention of the presumption against waiver during a subsequent determination of voluntary absence or require the trial court to begin "anew" as the *Cobarruvias* decision instructs. *Cobarruvias*, 179 Wn. App. at 533. The *Cobarruvias* court recognized its extension into new legal territory, saying that even though the trial court's determination of voluntary absence after the defendant's explanation was reasonable, "we believe the trial court erred in not *expressly* considering the defendant's showing in light of the 'overarching' presumption against waiver. Neither *Thomson* nor *Garza* dealt with the application of the presumption to the third prong of the *Thomson* test." *Cobarruvias*, 179 Wn. App. 532 (emphasis added).

We respectfully disagree with *Cobarruvias'* legal extension. Neither existing case law nor the Washington or federal constitutions require the trial court to use precise language or begin

anew when considering the defendant's explanation for his or her absence from trial. Here, the colloquy between Thurlby and the trial court demonstrates that the trial court considered the presumption against waiver even though it did not use that specific phrase. The trial court carefully questioned Thurlby and her mother to determine what had happened; the court acknowledged Thurlby's decision to be with her mother but noted that Thurlby *chose* to be with her mother while she was *ordered* to attend trial, and found that Thurlby voluntarily waived her right to be present at trial. Therefore, we hold that the trial court did not abuse its discretion when it found that Thurlby was voluntarily absent.

We affirm.

Sutton, J.

We concur:

Worswick, P.J.

Lee, J.

8