[No. 56177–0. En Banc. December 14, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTONIO L. PALOMO, *Petitioner.*

*Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *James W. Leslie, Deputy,* for respondent.

SMITH, J.—Petitioner Antonio L. Palomo was convicted of attempted rape in the second degree in a nonjury trial in the Superior Court of Washington for King County before the Honorable Richard M. Ishikawa.[1] Petitioner claims a violation of his constitutional right to confront witnesses against him. We find there was no violation of his constitutional rights and affirm the Court of Appeals which upheld the conviction.

This case involves application of the "excited utterance" exception to the hearsay rule, now codified under Rule of Evidence 803(a)(2). Compare Fed. R. Evid. 803(2). The significant question is whether testimony of a witness relating an out–of–court statement by a person not present in court under the "excited utterance" exception requires proof of "unavailability" of the declarant; and, in any case, whether absence of the declarant (who is not subject to cross examination) deprives an accused person of the right to confront witnesses guaranteed by the sixth amendment to the United States Constitution and Const. art. 1, § 22 (amend.

---

[1] A Spanish language interpreter was appointed in this case under RCW 2.42-.030 because Petitioner Palomo was not able fully to understand the proceedings conducted in the English language. The trial court concluded that the interpreter was qualified and competent. The flow of language in the record confirms this.

10). The simple answer to the question is that the traditional excited utterance exception to the hearsay rule sufficiently meets the test of reliability to overcome the constitutional confrontation objection.

Officer Kenneth Swanson of the Seattle Police Department, while on patrol in downtown Seattle at approximately 11:27 p.m. on November 13, 1986, observed two persons struggling in a doorway. When the officer stopped and approached the scene, he observed a man "kneeling on top of a woman." The woman was lying on her back. The man's pants were unbuttoned, unzipped and fully opened in front. The woman's pants were undone and down around her knees. The man appeared to be pulling at the woman's pantyhose. He had one hand on the woman's waist and the other hand on her pantyhose. The woman was hitting and scratching the man and was screaming for help.

Officer Swanson separated the man and woman and observed what appeared to be fresh scratches on the man's face. He placed the man, later identified as Petitioner Antonio L. Palomo, in handcuffs. The officer testified that the woman was "crying, weeping, very upset." He further testified that "[s]he said he was trying to rape me, get him away from me."

Antonio L. Palomo was charged by information with attempted rape in the second degree. The information named Ms. Elizabeth Serrato as the alleged victim. For some unexplained reason, however, the prosecutor presented a short case with only the testimony of the arresting officer. The officer testified to the alleged victim's statement that the man was trying to rape her. Defense counsel objected to admission of the statement as hearsay. The objection was overruled.

At no time during the State's case was Ms. Serrato identified by name.[2] She was not called as a witness, although a

---

[2]There is no indication in the record how Ms. Elizabeth Serrato was identified by name for designation in the complaint. Nor is there any indication whether she was ever interviewed by the officer or anyone else.

subpoena was filed without indication of her address. The testimony depersonalized Ms. Serrato by referring to her only as "victim," "woman," and "she".

The defendant, perhaps for some strategic reason, called Dr. Kevin E. McCarty, an emergency room physician, as his only witness. He testified that at approximately 12:30 a.m. on November 14, 1986, Ms. Elizabeth Serrato came to the Harborview Medical Center for treatment of a lacerated lip and reported that she had been assaulted. He testified that Ms. Serrato complained of pain in her mouth, but that she did not mention an attempted rape or sexual assault. By this testimony the defense conceded that the alleged victim (who before this testimony had not been identified or otherwise named in the State's case) was indeed Ms. Elizabeth Serrato, the person named in the information. Additionally, in a pretrial motion for production of reports of prior claims by the alleged victim, the defense identified the person as Ms. Elizabeth Serrato. The defense then rested and moved to dismiss on several grounds.

One ground for dismissal was that admission of the alleged victim's hearsay statement violated petitioner's right to confrontation under the United States Constitution and the Washington State Constitution because her unavailability had not been established. The State responded that a subpoena had been issued for Ms. Serrato at her last known address, but the State was unable to serve her at that address. Upon examination of the file, the court stated "there was a subpoena issued for Elizabeth Serrato without any address whatsoever. Whether it was served or not, I do not know." The State responded that a separate sheet indicating Ms. Serrato's address was attached to the subpoena but, for her protection, it was not included in the public file. The petitioner does not claim bad faith by the prosecutor in failing to produce the witness.

The trial court denied the motion to dismiss, and convicted Mr. Palomo of attempted rape in the second degree as charged.

The Court of Appeals, Division One, in an unpublished opinion, held that admission of the out–of–court hearsay statement without showing a good faith effort to produce the witness violated petitioner's right to confrontation. However, the court concluded that the error was harmless under the "overwhelming untainted evidence" test and affirmed the conviction, citing *State v. Guloy,* 104 Wn.2d 412, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986). This court granted review. *State v. Palomo,* 113 Wn.2d 1001 (1989).

The issues presented in this case are:

1. Whether the trial court properly admitted the out–of–court statement of an absent witness under the "excited utterance" exception to the hearsay rule;

2. Whether admission of the statement under the "excited utterance" exception violates the constitutional confrontation clause; and

3. Whether admission of the statement would be harmless error, even if it were admitted in violation of the confrontation clause.

The trial court admitted the police officer's testimony which recited the alleged victim's statement under the "excited utterance" exception to the hearsay rule. The exception states that the hearsay rule does not exclude "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" even though the declarant is available as a witness. ER 803(a)(2); *accord,* Fed. R. Evid. 803(2). *See State v. Flett,* 40 Wn. App. 277, 286–87, 699 P.2d 774 (1985); 5B K. Tegland, Wash. Prac., *Evidence* § 361, at 156 (3d ed. 1989).

The alleged victim made the statement immediately after the officer pulled Petitioner Palomo off her. At that point, she was crying and still upset. Petitioner does not contest the trial court's characterization of the statement as an excited utterance. The statement was properly admitted under the recognized exception to the hearsay rule.

Even though properly admitted under an exception to the hearsay rule, the statement must also meet overriding constitutional confrontation clause concerns. *State v. Guloy,* 104 Wn.2d 412, 424, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986) (citing *California v. Green,* 399 U.S. 149, 26 L. Ed. 2d 489, 90 S. Ct. 1930 (1970)).

The Washington Constitution provides that "[i]n criminal prosecutions the accused shall have the right to . . . meet the witnesses against him face to face". Const. art. 1, § 22 (amend. 10). Similarly, the sixth amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him". The Sixth Amendment applies to state courts through the Fourteenth Amendment. *E.g., Pointer v. Texas,* 380 U.S. 400, 13 L. Ed. 2d 973, 85 S. Ct. 1065 (1965).

Petitioner claims violations under both provisions, but does not argue that the state constitution affords broader protection than the federal constitution. Although the language of Const. art. 1, § 22 (amend. 10) is different from that of the Sixth Amendment and arguably gives broader protection than the Sixth Amendment language, our courts have not so interpreted it. *See, e.g., State v. Hieb,* 107 Wn.2d 97, 727 P.2d 239 (1986); *State v. Robinson,* 44 Wn. App. 611, 617 n.2, 722 P.2d 1379, *review denied,* 107 Wn.2d 1009 (1986). This court will not consider the issue where it has neither been timely nor sufficiently argued by the parties as is the case here. *See State v. Jones,* 112 Wn.2d 488, 498–99, 772 P.2d 496 (1989); *State v. Wethered,* 110 Wn.2d 466, 472–73, 755 P.2d 797 (1988).

Division One of the Court of Appeals and petitioner both relied on *Ohio v. Roberts,* 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1979), for the broad proposition that the confrontation clause bars admissibility of hearsay statements unless unavailability of the declarant is shown.[3]

---

[3]*Ohio v. Roberts, supra,* also required a showing of reliability of the statement. However, reliability may be inferred if the hearsay falls within a firmly

However, *Roberts* considered an Ohio statute that required a showing of unavailability for admission of *prior testimony.*[4] In the present case, the statement of Ms. Serrato was admitted under the *excited utterance* exception to the hearsay rule which *does not require unavailability of the declarant.* ER 803(a)(2); *accord,* Fed. R. Evid. 803(2).

Furthermore, *United States v. Inadi,* 475 U.S. 387, 89 L. Ed. 2d 390, 106 S. Ct. 1121 (1986), limited the *Roberts* requirement of unavailability to cases involving prior testimony. *Inadi,* 475 U.S. at 393. *See* Fed. R. Evid. 804; compare ER 804. *Ohio v. Roberts, supra,* is not authority for requiring a showing of unavailability for admission of an excited utterance.[5]

Neither the United States Supreme Court nor this court has decided whether the confrontation clause requires a

---

rooted exception. *Roberts,* 448 U.S. at 66. *See State v. St. Pierre,* 111 Wn.2d 105, 114, 759 P.2d 383 (1988); *State v. Robinson,* 44 Wn. App. 611, 620, 722 P.2d 1379, *review denied,* 107 Wn.2d 1009 (1986). Here, reliability of Ms. Serrato's statement is inferred because of its admission under the well–recognized "excited utterance" exception.

[4]Under Washington law, the "former testimony" exception to the hearsay rule requires a showing of unavailability of the declarant. ER 804(b)(1); *accord,* Fed. R. Evid. 804(b)(1).

[5]Additionally, Division One cited *State v. Rivera,* 51 Wn. App. 556, 754 P.2d 701 (1988), and *State v. Dictado,* 102 Wn.2d 277, 687 P.2d 172 (1984), for a requirement of a showing of unavailability. *Rivera* considered a confrontation clause challenge to admission of a statement against penal interest. Unavailability is required under the hearsay rule exception for statements against penal interest. ER 804(b)(1); Fed. R. Evid. 804(b)(1).

*State v. Rivera, supra,* cited *Barber v. Page,* 390 U.S. 719, 20 L. Ed. 2d 255, 88 S. Ct. 1318 (1968) and *State v. Sweeney,* 45 Wn. App. 81, 723 P.2d 551 (1986), for the requirement of unavailability of the declarant. *Barber v. Page, supra,* was among the cases leading up to the *Roberts* opinion. Under *Inadi,* it was specifically limited to cases involving prior testimony. *State v. Sweeney, supra,* did not reach the confrontation clause issue, but merely analyzed the unavailability requirement under the Rules of Evidence. *Barber* and *Sweeney* are not authority for a requirement of unavailability. Nor is *Rivera.*

*State v. Dictado, supra,* considered admission of a statement of a co–conspirator prior to *Inadi.* After *Inadi,* admission of statements of co–conspirators does not require a showing of unavailability.

showing of unavailability for admission of excited utterances.[6] This court considered a confrontation clause challenge, but did not address the unavailability requirement because it found the asserted error harmless.[7] *State v. Hieb*, 107 Wn.2d 97, 727 P.2d 239 (1986).

█ The "excited utterance" exception to the hearsay rule applies even though the declarant is available as a witness. A showing of unavailability is not required. ER 803(a)(2); *accord,* Fed. R. Evid. 803(2). The theory of this exception which vouches for its reliability is that the stress of the event suppresses the reflective faculties of the declarant with the result that the utterances are sincere and spontaneous. 6 J. Wigmore, *Evidence* § 1747 (1976). The out–of–court declaration is considered even more reliable than what is likely to be elicited from the same person testifying under oath in court. 6 J. Wigmore, *Evidence* § 1748 (1976). The theory of reliability is further enhanced because circumstances produce a condition of excitement which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication. *See* Fed. R. Evid. 803(2) advisory committee note (citing 6 J. Wigmore, *Evidence* § 1747 (1976)).

█ The circumstantial reliability implicit in excited utterances is similar to that of statements of co–conspirators which led the *Inadi* Court to admit them without a showing of unavailability. *See United States v. Inadi,* 475

---

[6]This court has addressed other types of hearsay and the unavailability issue. It has held that under RCW 5.45, the Uniform Business Records as Evidence Act, a showing of unavailability is not required for admission of qualifying business records. *State v. Kreck,* 86 Wn.2d 112, 542 P.2d 782 (1975). Additionally, this court rejected a confrontation clause challenge to the public records exception to the hearsay rule, RCW 5.44.040, in *State v. Bolen,* 142 Wash. 653, 254 P.2d 445 (1927); *see* Fed. R. Evid. 803(8).

[7]Division Three considered a confrontation clause challenge to admission of an excited utterance in *State v. Young,* 50 Wn. App. 107, 747 P.2d 486 (1987). The court required a showing of unavailability based on *State v. Hieb, supra. State v. Young,* 50 Wn. App. 107, 747 P.2d 486 (1987). This court reserved judgment on the unavailability issue in *Hieb.* Reliance on *Hieb* for a requirement of unavailability was misplaced.

U.S. 387, 394–96, 89 L. Ed. 2d 390, 106 S. Ct. 1121 (1986). Although statements of co–conspirators are an *exemption* to the hearsay rule and excited utterances are an *exception* to the hearsay rule,[8] *Inadi* noted that the same confrontation clause principles apply to both exemptions and exceptions. *United States v. Inadi,* 475 U.S. 387, 399 n.12, 89 L. Ed. 2d 390, 106 S. Ct. 1121 (1986).

One of the primary purposes of the confrontation clause is to assure to defendants an opportunity for cross examination in criminal cases. 5 J. Wigmore, *Evidence* § 1395 (1974). The hearsay rule recognizes the value of cross examination. It rejects testimonial assertions which are not tested by cross examination, since untested assertions may be inaccurate and untrustworthy. 5 J. Wigmore, *Evidence* §§ 1362, 1420 (1974).

In this case, Ms. Elizabeth Serrato's out–of–court statement was admitted under the hearsay exception for excited utterances, which rests upon circumstantial reliability and does not require a showing of unavailability. Admission of her statement did not violate Petitioner Palomo's right to confrontation. *See People v. Maxwell,* 209 Cal. App. 3d 635, 257 Cal. Rptr. 439 (1989); *People v. Hughey,* 194 Cal. App. 3d 1383, 240 Cal. Rptr. 269 (1987). (Both courts rejected confrontation clause challenges to admission of statements under the "spontaneous statement" exception.)[9]

---

[8]There is, however, a significant distinction between declarations of co–conspirators and excited utterances. Under Fed. R. Evid. 801(d)(2) certain statements of co–conspirators are *not hearsay* and are thus *exempted* from the hearsay rule. *Accord,* ER 801(d)(2). However, under Fed. R. Evid. 803(2), excited utterances are hearsay, but are *not excluded by the hearsay rule* under an *exception. Accord,* ER 803(2).

[9]Unlike Washington, California has not adopted the Federal Rules of Evidence. Under the California Evidence Code, there is a hearsay exception for *spontaneous statements* which is similar in theory to the *excited utterance* exception under Fed. R. Evid. 803(2) and ER 803(a)(2). Cal. Evid. Code § 1240(a), (b) (West 1966); see also accompanying comment by Law Revision Commission, Cal. Evid. Code § 1240 (West 1966). Section 1240 states:

Evidence of a statement is not made inadmissible by the hearsay rule if the statement:

Furthermore, in this case, neither the State nor the defendant called Ms. Serrato as a witness. Nor did the defense attempt to subpoena her. The petitioner could have exercised options discussed in *Inadi,* such as examining an adverse witness through leading questions, *see* ER 611(c); or subpoenaing Ms. Serrato as a witness and cross–examining her, *see* ER 806. *See United States v. Inadi,* 475 U.S. 387, 396–98, 89 L. Ed. 2d 390, 106 S. Ct. 1121 (1986).

 The Sixth Amendment guarantees Petitioner Palomo the right to confront witnesses against him. Here the officer testified as a witness for the State and was available for cross examination by the defense. The court had full opportunity to observe the demeanor of the officer and assess his observations and perceptions of the event. "[A] witness under oath, subject to cross–examination, and whose demeanor can be observed by the trier of fact, is a reliable informant not only as to what he has seen but also as to what he has heard." *Dutton v. Evans,* 400 U.S. 74, 88, 27 L. Ed. 2d 213, 91 S. Ct. 210 (1970). Petitioner was not denied his Sixth Amendment right to confrontation in this case.

Under the excited utterance exception to the hearsay rule, Ms. Serrato's out–of–court statement is admissible without a showing of her unavailability. ER 803(a)(2); *accord,* Fed. R. Evid. 803(2). *See State v. St. Pierre,* 111 Wn.2d 105, 113–14, 759 P.2d 383 (1988).

 Furthermore, even assuming there had been a violation of a defendant's right of confrontation, under these circumstances it would be excusable as harmless error. *State v. Guloy,* 104 Wn.2d 412, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986); *see State v. St. Pierre,* 111 Wn.2d 105, 119–20, 759 P.2d 383 (1988). This court adopted the "overwhelming untainted evidence test" as the

---

(a) Purports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and

(b) Was made spontaneously while the declarant was under the stress of excitement caused by such perception.

Cal. Evid. Code § 1240 (West 1966).

standard for harmless error. *State v. Guloy,* 104 Wn.2d 412, 426, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986). Under that test, the court "looks only at the untainted evidence to determine if the untainted evidence is so overwhelming that it necessarily leads to a finding of guilt." *State v. Guloy,* 104 Wn.2d 412, 426, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986).

In this case there was no violation of petitioner's right to confrontation. Petitioner Palomo could have been convicted without any testimony concerning the statement of Ms. Serrato and solely upon the untainted testimony of Officer Kenneth Swanson based upon his firsthand knowledge.

We affirm the Court of Appeals, but not on the ground of harmless error. The Sixth Amendment does not require a showing of unavailability of a declarant for admission of an out–of–court statement under the excited utterance exception to the hearsay rule. The statement of Ms. Elizabeth Serrato was properly admitted. Petitioner Antonio L. Palomo's right to confrontation was not violated. His conviction is affirmed.

CALLOW, C.J., UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, and DURHAM, JJ., and PEARSON, J. Pro Tem., concur.