[No. 60715-0.    En Banc.    May 19, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTOPHER NOEL THOMSON, *Petitioner*.

*Andrew P. Stanton* of *Washington Appellate Defender Association*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Pamela Mohr, Deputy*, for respondent.

JOHNSON, J. — The Defendant contends the trial court erred in finding he voluntarily waived his right to be present after trial had begun, and then proceeding with trial in his absence. The Defendant argues the court should not have proceeded without finding that the public interest in proceeding outweighed his interest in attending. The Court of Appeals affirmed the trial court. We also affirm.

## BACKGROUND

In November 1990, Appellant Christopher Thomson, and codefendant Brock Rasmussen, were charged with one count of delivery of cocaine. On April 3, 1991, Thomson and Rasmussen appeared in court with their attorneys for several pretrial motions.

The next day, April 4, Thomson called the court to say he had car trouble and would be late. The court proceeded with additional pretrial motions. Thomson arrived at the court sometime before 12 noon. Jury selection began that afternoon but was not completed by the end of the day. The court continued the proceedings until April 8.

On April 8, Thomson did not appear in court. Thomson's attorney, Olson, told the court that Thomson had called Olson's office that morning and told Olson's secretary a medical emergency would prevent him from being in court that day. Thomson did not provide any further information or leave a telephone number where he could be reached. Thomson's mother, with whom he lived, had not heard from Thomson and did not know where he was.

The prosecutor moved to continue with the trial and requested a bench warrant. Olson asked that the bench warrant be delayed and requested a recess to try to locate Thomson.

After a brief recess, the court granted the bench warrant and decided to adjourn until 1:30 p.m. in order that Thomson might be located. Counsel for Rasmussen, Thomson's co-defendant, indicated he was concerned about continuing the trial because Rasmussen was in custody and his speedy trial date had expired.

When court reconvened at 1:30 p.m., Thomson was still absent. The court made a finding of voluntary absence, stating that an additional $3^{1}/_{2}$ hours had passed without any indication where Thomson might be. The court decided to resume jury selection and continue with trial over defense counsel's objection.

The following day, April 9, Thomson was again absent and neither Thomson's mother nor his attorney had heard from him. Defense counsel's request for a continuance was denied. The trial proceeded, and the jury returned a verdict of guilty against both Defendants. Thomson called his attorney that same day, April 9, and learned of the verdict. He surrendered to police.

Thomson was present at sentencing on July 8, 1991. He apologized for his absence at trial without further explanation. On appeal, Division One of the Court of Appeals affirmed the judgment and sentence. *State v. Thomson*, 70 Wn. App. 200, 852 P.2d 1104 (1993).

## ANALYSIS

The sole issue on appeal is what inquiry the court should use in deciding whether to proceed with trial when a defendant is voluntarily absent after trial begins.

■ The right to be present at trial derives from the confrontation clause of the Sixth Amendment and the due process clauses of the Fifth and Fourteenth Amendments. *United States v. Gagnon*, 470 U.S. 522, 526, 84 L. Ed. 2d 486, 105 S. Ct. 1482 (1985) (per curiam). Our state constitution also provides "the accused shall have the right to appear and defend in person, or by counsel . . . [and] to meet the witnesses against him face to face". Const. art. 1, § 22 (amend. 10). The state and federal constitutional rights to be present at trial may be waived, provided the waiver is voluntary and knowing. *Johnson v. Zerbst*, 304 U.S. 458, 464, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A.L.R. 357 (1938); *State v. Rice*, 110 Wn.2d 577, 619, 757 P.2d 889 (1988), *cert. denied*, 491 U.S. 910 (1989). A voluntary absence after trial has begun operates as a waiver of the right to be present. *Rice*, 110 Wn.2d at 619 (citing *Taylor v. United States*, 414 U.S. 17, 19-20, 38 L. Ed. 2d 174, 94 S. Ct. 194 (1973) (per curiam)).

Similarly, the state and federal rules of criminal procedure require the defendant's presence at trial, but provide for continuing with trial despite the defendant's voluntary absence as long as the defendant was present when trial began. CrR 3.4(b) explicitly provides:

> the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. . . .

*See State v. Hammond*, 121 Wn.2d 787, 854 P.2d 637 (1993) (CrR 3.4 construed consistently with its federal counterpart

to permit trial to continue when defendant leaves midtrial); *Crosby v. United States*, ____ U.S. ____, 122 L. Ed. 2d 25, 113 S. Ct. 748 (1993) (Federal Rule of Criminal Procedure (FR) 43 treats midtrial flight as a knowing and voluntary waiver of the right to be present).

While it is clear that both the state and federal criminal rules authorize continuing trial after a defendant's midtrial flight, the Defendant contends a court should not exercise that authority unless the public interest in proceeding outweighs the defendant's interest in attending. The State, on the other hand, advocates retaining the current voluntary waiver approach for deciding when to proceed in the defendant's absence with a trial begun in his or her presence.

█ Under the voluntary waiver approach, the court only need answer one question: whether the defendant's absence is voluntary. A voluntary absence operates as an implied waiver of the right to be present. If the court finds a waiver of the right to be present after trial has begun, the court is free to exercise its discretion to continue the trial without further consideration. Whether a voluntary waiver has occurred is determined by the totality of the circumstances. *State v. Washington*, 34 Wn. App. 410, 413, 661 P.2d 605, *remanded*, 100 Wn.2d 1016 (1983), *rev'd on other grounds on remand*, 36 Wn. App. 792, 677 P.2d 786, *review denied*, 101 Wn.2d 1015 (1984). The trial court will

> (1) [make] sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding whether the absence was voluntary, (2) [make] a preliminary finding of voluntariness (when justified), and (3) [afford] the defendant an adequate opportunity to explain his absence when he is returned to custody and before sentence is imposed.

*Washington*, 34 Wn. App. at 414 (quoting *State v. Staples*, 354 A.2d 771, 776 (Me. 1976)). The court will indulge a presumption against a waiver of the right. *State v. LaBelle*, 18 Wn. App. 380, 389, 568 P.2d 808 (1977).

The Defendant contends the court should adopt the approach followed by a number of the federal circuits, which is set out in *United States v. Tortora*, 464 F.2d 1202 (2d

Cir.), *cert. denied sub nom. Santoro v. United States*, 409 U.S. 1063 (1972), and is known as the "complex of issues" test. *United States v. Sanchez*, 790 F.2d 245 (2d Cir.), *cert. denied*, 479 U.S. 989 (1986). Division Three of the Court of Appeals used the *Tortora* complex of issues test in *State v. Hammond*, 65 Wn. App. 585, 829 P.2d 212 (1992), *aff'd on other grounds*, 121 Wn.2d 787, 854 P.2d 637 (1993).

Under this approach, after finding the defendant's absence is voluntary, the decision to proceed without the defendant would depend upon a "complex of issues": (1) the likelihood the defendant would soon be present for trial; (2) the difficulty of rescheduling; and (3) the burden on the government in having to undertake two trials. *Tortora*, 464 F.2d at 1210. Unlike our current approach, the finding of a voluntary waiver would not be determinative. The trial court's discretion to continue after the defendant voluntarily absented himself or herself would only be exercised in "extraordinary circumstances" when "the public interest clearly outweighs that of the voluntarily absent defendant". *Tortora*, 464 F.2d at 1210.

In *Hammond*, Division Three applied the complex of issues test and concluded that the defendant's constitutional interests outweighed the public interest in proceeding on the scheduled date without the defendant. *Hammond*, 65 Wn. App. at 590. In doing so, the court emphasized *Tortora* was the "leading case concerning the propriety of *commencing* a trial in the defendant's absence, as opposed to merely *continuing* it". *Hammond*, 65 Wn. App. at 588-89.

That emphasis points out why Division Three's reasoning in *Hammond* is not persuasive here. The issue before Division Three was commencing trial in the defendant's absence, a situation that requires "greater care" in deciding whether to go forward without the defendant than a decision to proceed with a trial that has already begun. *Hammond*, 65 Wn. App. at 589. Division Three thus clearly restricted its application of the *Tortora* complex of issues analysis to the situation of beginning trial in the defendant's absence. When *Hammond* came up on appeal to this

court, we decided the issue without discussing the *Tortora* approach. *State v. Hammond,* 121 Wn.2d 787, 854 P.2d 637 (1993).

Moreover, the *Tortora* analysis was undermined by the United States Supreme Court in *Crosby v. United States, supra.* In *Crosby,* the Court overruled the result reached in *Tortora* and, without addressing the complex of issues analysis, held FR 43 prohibits commencing trial in the defendant's absence.

The Defendant points out that several federal courts continue to apply the complex of issues analysis in the context of continuing a trial begun in the defendant's presence. These courts reason the defendant's right to be present is of such importance that trial should not be continued unless rescheduling will pose significant difficulties with witnesses or with the court's schedule.

We agree that the right to be present is of great importance. However, our current voluntary waiver approach amply protects that right. The 3-prong voluntariness inquiry ensures the court will examine the circumstances of the defendant's absence and conclude the defendant chose not to be present at the continuation of the trial. The inquiry provides an opportunity for the defendant to explain his or her disappearance and rebut the finding of voluntary absence before the proceedings have been completed.

The defendant's right to be present is also safeguarded by the requirement that the defendant be present when trial begins, which "serves to assure that any waiver is indeed knowing". *Hammond,* 121 Wn.2d at 792 (quoting *Crosby,* 122 L. Ed. 2d at 32). In addition, under this rule, the court still retains the discretion to postpone trial until the defendant reappears in cases where postponement is warranted. The voluntariness approach only allows the court to continue — it does not require the court to continue with trial in the defendant's absence.

The Defendant does not present any compelling reason for restricting the judge's discretion with the *Tortora* analysis and continuing trial only in extraordinary circumstances.

Neither the Sixth nor Fourteenth Amendment to the federal constitution nor the text of CrR 3.4 requires more than a voluntary waiver inquiry. *Taylor*, 414 U.S. at 18-19; *Hammond*, 121 Wn.2d at 793. Therefore, we decline to adopt the complex of issues analysis urged by the Defendant.

█ In this case, the Defendant took flight after the trial had begun. The court sufficiently inquired into the circumstances of the Defendant's absence to make a finding of voluntariness, and gave the Defendant adequate opportunity to explain his absence prior to sentencing. Therefore, the trial court did not abuse its discretion in deciding to continue with trial in the Defendant's absence.

The Defendant also submitted supplemental briefing arguing the Washington Constitution provides broader protection of the right to be present than the federal constitution. He contends this court should adopt a more restrictive rule than the rule set out by the United States Supreme Court under the Sixth and Fourteenth Amendments.

█ This court will not consider a constitutional issue when it is not timely filed. *State v. Palomo*, 113 Wn.2d 789, 794, 783 P.2d 575 (1989), *cert. denied*, 498 U.S. 826 (1990). As the defense counsel conceded at oral argument, he first raised the state constitutional issue in a supplemental brief belatedly filed on January 3. The issue was not raised in the courts below or in prior briefs, and the State did not have an adequate opportunity to respond to the argument. Because the Defendant did not timely raise the state constitutional issue, we do not reach it.

The judgment of the Court of Appeals is affirmed.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and MADSEN, JJ., concur.

Reconsideration denied June 29, 1994.