FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2015 MAR -9 AM 9: 15

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | No. 71106-7-I |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| GENE ALFRED PALMER II | ) | |
| | ) | |
| Appellant. | ) | FILED: March 9, 2015 |
| | ) | |

DWYER, J. — Gene Palmer pleaded guilty to one count of false information by a claimant. At sentencing, the trial court ordered restitution but set a separate hearing at which the amount of restitution would be determined. Palmer voluntarily waived his right to be present at that hearing. More than two years later, Palmer now requests leave of this court to appeal from the trial court's restitution order, entered at the later hearing, claiming that he was not aware of the restitution order and did not knowingly waive his right to appeal therefrom. Palmer's motion is denied. As Palmer asserts no error in the proceeding from which he filed his appeal, we affirm.

I

On March 3, 2007, Palmer was charged by information with one count of theft in the first degree.[1] On October 27, 2011, pursuant to a plea agreement, the State, in open court, filed an amended information charging Palmer with one count of false information by a claimant.[2] Palmer's counsel informed the court that his client intended to change his plea to guilty.

Later that day, a plea and sentencing hearing commenced. Palmer's counsel advised the court that Palmer had "[g]one line through line" through the statement of defendant on plea of guilty and was "freely, [and] voluntarily agreeing into this [plea]." The court asked Palmer if he understood the statement of defendant on plea of guilty and whether he was pleading guilty freely and voluntarily. Palmer responded, "[y]es, sir." Palmer affirmed that he understood that "whatever the recommendation is by either your attorney or the prosecuting attorney, I [the court] don't have to go along with that recommendation." Palmer also acknowledged that he understood that "one of the consequences of this [plea] is that [the court] could also order restitution in the full amount of the amount that's being claimed here." Palmer requested that the court review the affidavit of probable cause to establish the factual basis for his Alford[3] plea.

After accepting the guilty plea, the court turned to sentencing. The State's sentencing recommendation was six months of confinement (with credit for time served) and no restitution. The trial court once again informed Palmer that, notwithstanding the plea agreement and the State's recommendation, it could

---

[1] RCW 9A.56.030.
[2] RCW 51.48.020(2).
[3] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

order restitution. The court specifically stated that, "I have the independent authority [to order restitution] if I believe that restitution is required in this case." The court then asked Palmer if there was anything he wanted to say to the court. He replied, "No, sir."

The court then pronounced sentence, following the parties' agreed sentencing recommendation with regard to incarceration.[4] However, it "order[ed] restitution in an amount to be determined." A restitution hearing was set for November 10, 2011, two weeks later, after confirming that Palmer would be available to attend on that date. Palmer was advised that, if he wished, he could waive his right to be present at the restitution hearing. His counsel repeated this advisement in open court, with Palmer at his side.

Palmer signed the judgment and sentence, which included the restitution order and hearing date. Paragraph 5.8 of the judgment and sentence also informed Palmer of his right to appeal. Specifically, it stated, "This right must be exercised by filing a notice of appeal with the clerk of this court within 30 days from today. If a notice of appeal is not filed within this time, the right to appeal is IRREVOCABLY WAIVED."

At the November 10, 2011 restitution hearing, Palmer was represented by his trial attorney. Palmer did not appear. Palmer's attorney stated that Palmer's presence was waived and requested to proceed with the hearing.[5] The court found that Palmer voluntarily waived his presence.

---

[4] The sentencing court also imposed mandatory financial obligations of a $500 victim penalty assessment and a $100 DNA testing fee.
[5] "The discussion we thought walking out of here was that his presence was not necessary here for this hearing because it's just restitution. . . . He is not here. We're not asking

Palmer's decision to voluntarily absent himself from the restitution hearing is not without context. Palmer had filed for Chapter 13 bankruptcy, which was approved on May 21, 2010, and he was of the belief, which he has since often repeated, that any restitution ordered would be dischargeable in bankruptcy.[6]

In making its oral ruling, the trial court reiterated the State's recommendation and read aloud the part of the plea agreement that provided: "This is an Alford plea. Credit for time served, six months, no restitution, no active or inactive probation." The court asked Palmer's attorney whether he understood that the court was not bound by the plea agreement. Counsel stated that he did. The court explained that it had the statutory authority to order restitution and expressed that it had been shocked when the State had taken the position that it was not going to seek restitution. The court then ordered Palmer to pay restitution in the amount of $10,929.93. The court, the State, and Palmer's attorney signed the restitution order. Palmer did not timely seek review of either the judgment and sentence or the November 10 restitution order.

On May 3, 2013, the clerk of the superior court filed a declaration and notice of community supervision violation and affidavit of probable cause for violation noting that Palmer had not paid any restitution, that the clerk had sent delinquency notices to Palmer, and that Palmer "feels he doesn't owe [restitution] because he filed bankruptcy."

---

for a continuance. We are definitely waiving his right to be – his right to be here, and we ask the court [to] make the decision today."

[6] This belief is also consistent with Palmer's decision not to timely appeal from the restitution order.

-4-

A review hearing to address Palmer's failure to pay restitution was set for September 17, 2013. At that hearing, in response to Palmer's repeated assertions that no restitution was ever ordered in the case, the court stated, "There's an order [dated] November 10th that says that you owe the restitution." The review hearing was thereafter continued at Palmer's request to allow him to obtain new counsel.

On October 8, 2013, a hearing to review Palmer's failure to pay restitution was again commenced. At that hearing, Palmer admitted that a restitution hearing had been held and that he "didn't have to be present." After hearing from all parties, the court entered an order modifying the sentence, which set forth a new payment schedule.

On October 22, 2013, Palmer filed a notice of appeal from the order modifying sentence. On April 24, 2014, Palmer filed a merits brief seeking relief from the 2011 restitution order. This was filed in conjunction with a motion "to expand the notice of appeal to include [the 2011] restitution order."[7] The merits brief did not set forth or argue any issue stemming from the October 22, 2013 hearing or order.

---

[7] We understand this pleading to be a motion to seek relief from the requirement of RAP 5.2(a) that an appeal be filed within 30 days of the entry of the final order from which the appeal is taken.

II

Palmer asserts that he was not present at the restitution hearing, did not know that restitution had been imposed, and was not told that he had the right to appeal from the restitution order. Thus, he contends, he did not knowingly waive his right to appeal the restitution order. We disagree.

RAP 5.2(a) requires a litigant to file a notice of appeal within 30 days of the entry of the order appealed. Moreover, pursuant to RAP 18.8(a), the appellate court will only extend the time within which a party must file a notice of appeal in extraordinary circumstances and to prevent a gross miscarriage of justice.

We recently explicated the application of RAP 18.8(a) in criminal cases:

> [I]n a criminal case, we must balance strict application of that filing deadline with the defendant's state constitutional right to an appeal. State v. Kells, 134 Wn.2d 309, 314, 949 P.2d 818 (1998); see Const. art. 1, § 22 (amend.10). The State bears the burden of showing that the decision to waive the constitutional right to appeal was knowing, intelligent, and voluntary. State v. Sweet, 90 Wn.2d 282, 286, 581 P.2d 579 (1978). Consequently, the State must demonstrate that "a defendant understood his right to appeal and consciously gave up that right before a notice of appeal may be dismissed as untimely." Kells, 134 Wn.2d at 314.

State v. Chetty, __ Wn. App. __, 338 P.3d 298, 301 (2014).

The state and federal constitutional rights to be present at trial may be waived, provided the waiver is voluntary and knowing. State v. Thomson, 123 Wn.2d 877, 880, 872 P.2d 1097 (1994); CrR 3.4(b).

There is no dispute that Palmer herein waived his right to be present at the restitution hearing. He thereby waived any claim that he was not aware of facts or legal circumstances of which he would have been made aware of had he

-6-

attended that hearing. In particular, Palmer forfeited any claim that the trial court erred by not informing him of the amount of the restitution ordered or his right to appeal from that order.

By choosing not to attend, Palmer left himself reliant on his attorney to inform him of what transpired at the restitution hearing. Palmer makes no claim that his counsel was constitutionally deficient in the discharge of his duties to Palmer either before, during, or after the restitution hearing. Setting aside Palmer's claim of ignorance related to his voluntary absence from the restitution hearing, the State presented significant evidence that Palmer voluntarily waived his right to appeal from the restitution order.

The record establishes the following: Palmer was present at sentencing when the court ordered restitution in an amount to be determined at a later hearing and set a date for that hearing at a time that Palmer could attend. Palmer also signed the judgment and sentence, which included the restitution order and stated the date on which the restitution hearing was set. It also advised Palmer of his right to appeal, including that his right must be exercised within 30 days or be "irrevocably waived."

The restitution hearing was held as scheduled. Palmer did not attend but was represented by his attorney. Upon the representations of Palmer's counsel, the trial court found that Palmer had voluntarily waived his right to be present. Palmer makes no claim that his counsel failed to inform him of the result of the hearing or his right to appeal from the order entered or that counsel's performance was otherwise constitutionally deficient.

Thus, to the extent that Palmer's claim is that he was unaware that the court would order restitution, and thus did not appeal, the record demonstrates otherwise. The judgment and sentence set forth that restitution would be ordered in an amount to be determined on November 10. It also informed Palmer that he had 30 days to appeal from this determination. To the extent that Palmer contends that the trial court had an obligation to personally inform him of the amount of restitution ordered and that he had 30 days to appeal from the order memorializing that calculation, Palmer forfeited this claim by voluntarily choosing not to appear. Palmer does not claim that his lawyer did not inform him of the results of the November 10 hearing or of his appellate rights. It is clear that he did not file a notice of appeal within 30 days of his sentencing or within 30 days of the restitution hearing.

The State has met its burden of showing that Palmer's decision to waive his right to appeal was knowing, intelligent, and voluntary.[8]

Palmer may now feel remorse over his flawed legal analysis that restitution was dischargeable in bankruptcy, but that is not an "extraordinary

---

[8] Alternatively, the doctrine of invited error precludes Palmer from receiving appellate relief. The doctrine of invited error prohibits a party from setting up an error in the trial court and then complaining of it on appeal. In re Pers. Restraint of Call, 144 Wn.2d 315, 328, 28 P.3d 709 (2001); State v. Wakefield, 130 Wn.2d 464, 475, 925 P.2d 183 (1996). The defendant must take knowing and voluntary action to set up the error. Call, 144 Wn.2d at 328. The invited error doctrine applies even to purported errors of constitutional magnitude. State v. Heddrick, 166 Wn.2d 898, 909, 215 P.3d 201 (2009). A defendant is "not denied due process by the State when such denial results from his own act, nor may the state be required to protect him from himself." State v. Lewis, 15 Wn. App. 172, 177, 548 P.2d 587 (1976) (emphasis added).

Here, at sentencing, Palmer was told that he had 30 days to appeal from the judgment and sentence, which included the trial court's order that payment of restitution was a condition of the sentence. Palmer waived his presence at the hearing setting the amount of restitution but knew the date and time of the hearing and could have attended. He did not. Thus, to the extent that his present claim is dependent on an assertion that he did not know the amount of restitution, as set by the court, or that the 30-day appeal period ran anew from the entry of the November 10 order, it was he who created the state of affairs, thus inviting the error of which he presently complains.

circumstance" justifying an extension of the time to file a notice of appeal from the October 27 judgment and sentence or the November 10 order setting the amount of restitution.

Palmer's motion is denied.

III

Although Palmer's appeal is taken from the trial court's October 8, 2013 order setting a new restitution payment schedule, he does not, in his briefing, assign error to that order or otherwise establish a basis for a grant of appellate relief.[9]

Affirmed.[10]

We concur:

---

[9] In his merits briefing, Palmer's sole claim of error is that the prosecutor breached the plea agreement by urging the trial court to impose restitution in a certain amount. Were this claim timely presented, it would fail.

The record is clear that the prosecutor at all times adhered to the agreed sentencing recommendation of no restitution. However, the record is equally clear that the experienced superior court judge repeatedly and forcefully declared his right and obligation to order restitution when he saw fit to do so. The prosecutor's actions in supplying information to the court on the amount of the losses subject to restitution, and in correcting deficiencies in the calculations Palmer put forth to the court, did not constitute a breach of the plea agreement. Rather, the prosecutor was simply complying with the court's directions and honoring the prosecutor's duty of candor to the court. There was no breach of the plea agreement. See State v. Talley, 134 Wn.2d 176, 949 P.2d 358 (1998); State v. Sledge, 133 Wn.2d 828, 947 P.2d 1199 (1997); State v. Van Buren, 112 Wn. App. 585, 49 P.3d 966 (2002).

[10] Palmer's statement of additional grounds does not present any basis upon which relief can be granted.