IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36059-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WILLIAM GEORGE NICOL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — William Nicol appeals his convictions for two counts of first

degree rape of a child and one count of first degree child molestation. We affirm.

BACKGROUND

The facts relevant to Mr. Nicol's appeal pertain to events that happened during

and after his jury trial. We therefore limit our discussion to those circumstances.

Mr. Nicol was released from custody pretrial. Once trial began on October 17, 2016, Mr. Nicol timely appeared for each day of trial. Deliberations began on October 21, 2016, at approximately 11:49 a.m. At 4:13 p.m., the jury issued a question, asking "[d]oes each count of rape need to be in a different location or just that the victim was raped multiple times?" Clerk's Papers at 77. Mr. Nicol was present as the court read the question and the parties agreed on a response. But when court reconvened in response to the bailiff's report that the jury had reached a verdict, Mr. Nicol did not appear.

The trial court asked Mr. Nicol's attorney about Mr. Nicol's whereabouts. The attorney stated he did not know Mr. Nicol's location. The attorney explained that he spoke with Mr. Nicol after the jury's question and informed Mr. Nicol he "thought that [Mr. Nicol] was going to be found guilty." Report of Proceedings (RP) (Oct. 21, 2016) at 845. Mr. Nicol responded to this information by telling his attorney that he was heading to the bathroom. When the attorney learned the jury reached a verdict, he called Mr. Nicol by phone, but Mr. Nicol did not respond. To determine how to proceed, the court considered CrR 3.4 and *State v. Thomson*, 123 Wn.2d 877, 880-81, 872 P.2d 1097 (1994) (considering waiver of right to be present at trial under state and federal constitutions and rules of criminal procedure).

A security officer provided testimony relevant to Mr. Nicol's absence. The officer explained he screened individuals entering the courthouse the week of trial. At about

2

4:45 p.m. on October 21, 2016, the security officer noticed a man in his late sixties leaving the courthouse and jogging away. The officer recognized the man as someone he had seen coming and going from the courthouse earlier in the week. The trial court later made a factual finding that the man observed by the security officer was "probably" Mr. Nicol. RP (Oct. 21, 2016) at 857.

After hearing the security officer's testimony, the court asked Mr. Nicol's attorney to again explain for the record, "as an officer of the court," his efforts to contact Mr. Nicol *Id*. at 854-55. The court first emphasized it was not asking the attorney to "disclose any conversations" with his client. *Id*. at 854. The attorney then reiterated he talked with Mr. Nicol, Mr. Nicol left for the bathroom, and the attorney called Mr. Nicol twice without answer. The attorney did not repeat the substance of his conversation with Mr. Nicol, although the prosecutor emphasized the attorney had already stated on the record that he "told his client he thought he was going to be found guilty." *Id*. at 856. Mr. Nicol's attorney further indicated he could not waive his client's right to be present at the verdict.

Based on the foregoing circumstances, the trial court found Mr. Nicol voluntarily absented himself from trial. The court decided to hear the verdict without Mr. Nicol present. Mr. Nicol was convicted as charged.

After discharging the jury, the court ordered a nationwide bench warrant for Mr. Nicol's arrest. Mr. Nicol did not reappear for over a year. Once back in court and represented by new counsel, Mr. Nicol filed a motion to set aside the court's finding of voluntary absence. The motion was denied. A judgment and sentence was issued on April 19, 2018.

Mr. Nicol appeals.

ANALYSIS

The only argument on appeal pertains to the trial court's determination that Mr. Nicol voluntarily absented himself at trial. We review this issue for abuse of discretion. *State v. Thurlby*, 184 Wn.2d 618, 624, 359 P.3d 793 (2015).

"The Sixth Amendment and the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and article I, section 22 of our state constitution all guarantee the right of the criminal defendant to be present at his or her own trial." *Thurlby*, 184 Wn.2d at 624 (citing *Thomson*, 123 Wn.2d at 880). A defendant can knowingly and voluntarily waive this right. *Thurlby*, 184 Wn.2d at 624. Waiver "may be express or implied." *Id*. "If a trial has begun in the defendant's presence, a subsequent voluntary absence of the defendant operates as an implied waiver of the right to be present." *Id*. "Our rules of criminal procedure similarly permit the court to continue with trial despite a defendant's voluntary absence, provided that the defendant was present

when the trial commenced." *Id*. at 624-25 (citing CrR 3.4(b)); *see also Thomson*, 123

Wn.2d at 880-81 (Noting CrR 3.4's consistency "with its federal counterpart," Federal

Rule of Criminal Procedure 43.)

A three-part test governs a trial court's determination of whether a defendant

waived the right to be present. The court must (1) "make a sufficient inquiry into the

circumstances of the defendant's absence[,]" (2) "make a preliminary finding of

voluntariness[,]" and (3) "provide the defendant with an opportunity to explain the

absence when he or she is returned to custody and before any sentence is imposed."

*Thurlby*, 184 Wn.2d at 625-26 (citing *Thomson*, 123 Wn.2d at 881). "In performing this

analysis, the trial court must . . . indulge every reasonable presumption against waiver."

*Thurlby*, 184 Wn.2d at 626.

Here, the trial court expressly considered appropriate precedent, *Thomson*, before

examining the totality of the circumstances to find Mr. Nicol waived his right to be

present at his verdict. Mr. Nicol chose to be present in a timely manner for every day of

trial, and was present immediately before the court was ready to hear the verdict. He did

not respond to his attorney's attempts to contact him over the phone. The court also

found, based on the security officer's testimony, Mr. Nicol quickly left the courthouse

before the verdict. This inquiry into Mr. Nicol's absence was limited, but Mr. Nicol does

not argue it was insufficient. Mr. Nicol instead cites precedent regarding a defendant who

attended only various pretrial proceedings before trial went forward in his absence. *State v. Jackson*, 124 Wn.2d 359, 878 P.2d 453 (1994). This precedent does not apply to a defendant who attended all five days of his trial only to disappear immediately before his verdict.

Mr. Nicol also emphasizes his trial attorney's public admission of the conversation they shared just before Mr. Nicol's disappearance. The propriety of the attorney's explanation is not relevant to this appeal. After the attorney recounted his explanation of the predicted jury verdict to Mr. Nicol, the trial court expressly directed that the attorney need not reveal the substance of his communications with his client. The court instead focused on the attorney's efforts to contact Mr. Nicol. The court made no findings regarding the attorney-client communication, and did not mention the communication when concluding Mr. Nicol was voluntarily absent. The trial court's inquiry was sufficient. Given that inquiry, the court also had ample basis to preliminarily find Mr. Nicol voluntarily absent.

The record does not indicate whether the trial court ever completed the third prong of the aforementioned test. However, Mr. Nicol's appellate brief does not raise this issue. After Mr. Nicol's reappearance, he had ample opportunity to explain his absence prior to sentencing. Given the lack of explanation, there is no indication the court abused its

discretion by finding Mr. Nicol was voluntarily absent from trial, and then hearing the

verdict without him present.

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.