IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, Respondent, v. MARC-EUGENE ELLIS LARSON, Appellant. | No. 79955-0-I DIVISION ONE UNPUBLISHED OPINION |

SMITH, J. — Marc-Eugene Larson appeals his conviction for first degree assault and unlawful possession of a firearm, asserting that (1) the trial court violated his right to be present at trial when it went forward with testimony and discussions with jurors while Larson was in the hospital, (2) he was denied effective assistance of counsel because his lawyer had limited time to prepare for a key witness's testimony, and (3) irregularities in the schedule denied his right to a fair trial by interfering with the jurors' ability to remember testimony and deliberate. We conclude that because an afternoon of trial took place in his absence and he did not have a meaningful opportunity to waive his presence for that portion, he was denied his right to be present. Accordingly, we vacate Larson's conviction and remand for a new trial.

FACTS

Larson was charged with unlawful possession of a firearm, second degree assault, and two counts of first degree assault after a confrontation to recover his stolen car ended with two men being shot. Larson waived his right to a jury on

the firearm possession charge only and proceeded to trial. Larson's defense theory was that Greg Leach, a friend who came with him to recover the car, shot the victims. The State issued a material witness warrant for Leach but was not able to locate him in time for the beginning of trial.

Jury selection began on March 11, 2019, and trial was estimated to last two weeks. But on March 19, the trial judge had a family emergency and then came down with pneumonia. Trial was continued for almost two weeks. When trial reconvened, the State announced it had located Leach and would be calling him as a witness. Larson objected to Leach's testimony on the basis that he did not have time to adequately interview Leach and prepare for cross-examination. The court denied the objection. Larson also moved for a mistrial based on the long recess and the lack of time to prepare for Leach's cross-examination. The court denied his motion. The defense ultimately was able to interview Leach but did not have time to prepare a transcript of the interview and objected again on the basis that the lack of transcript would impair his ability to impeach Leach.

On the day Leach was set to testify, Larson became sick and was taken to Harborview Medical Center. The State called this sickness into question, presenting evidence that Larson had told his sister he was going to cause a mistrial. While the court suspected that Larson was acting ill to cause a mistrial, it refrained from finding that he was voluntarily absenting himself until it received more information about Larson's condition from Harborview.[1]

---

[1] The State also noted that the previous fall Larson had discharged his former attorney right after several witnesses had been taken into custody on

The next day, the State informed the court that Larson would be at the hospital for at least another day as he was experiencing effects from not taking his heart medication. Larson's attorney explained that Larson had not been taking the medication for some time because of side effects that would have affected him during trial. The court again noted that it was not making a finding that Larson was voluntarily absenting himself. The court made arrangements for Larson to video call in from the hospital to trial that afternoon. Larson's counsel noted that Larson's appearance by video presented a barrier to Larson's right to confer with counsel, and the parties discussed possible workarounds. Ultimately, the court told the defense that they would empty the courtroom at the defense's request so that Larson could confer with his attorney.

However, once on video, Larson declared that he did not feel well, could barely breathe, and wanted to go back to bed. At this time, over Larson's objection and without any further information concerning his medical condition, the court found that Larson was voluntarily absenting himself. Trial continued that afternoon, at which time the State called Leach and conducted direct examination.

The next morning, Larson appeared by video over his objection while the court discussed scheduling matters with the jury. Larson returned to the court in person that afternoon. Larson renewed his motion for mistrial several times. The following day, trial concluded.

---

material witness warrants and that this had caused a significant delay and the loss of some witnesses.

3

The jury found Larson guilty of two counts of first degree assault with firearm enhancements. The court found Larson guilty of first degree unlawful possession of a firearm and sentenced him to 422 months.

ANALYSIS

Larson asserts that his conviction must be reversed because he was denied his right to be present when trial went forward in his absence. We agree.[2]

A trial court's ruling regarding voluntary absence is reviewed for abuse of discretion. State v. Garza, 150 Wn.2d 360, 366, 77 P.3d 347 (2003). The court abuses its discretion if its decision is manifestly unreasonable or is exercised on untenable grounds or for untenable reasons, including errors of law. State v. Davis, 195 Wn.2d 571, 581, 461 P.3d 1204, petition for cert. filed, No. 20-5379 (U.S. July 28, 2020); State v. Miller, 159 Wn. App. 911, 918, 247 P.3d 457 (2011).

A criminal defendant has the right to be present at their own trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. State v. Thomson, 123 Wn.2d 877, 880, 872 P.2d 1097 (1994). Furthermore, article I, section 22 of the Washington Constitution provides that "the accused shall have the right to appear and defend in person, or by counsel, . . . to testify

---

[2] Larson also contends that article I, section 22 of the state constitution requires a stronger showing for a waiver of the right to be present than the United States Constitution. Because we conclude that Larson was not voluntarily absent and did not consent to video conferencing under CrR 3.4, we accept Larson's concession that we need not reach this point. Washington State Farm Bureau Fed'n v. Gregoire, 162 Wn.2d 284, 291 n.7, 174 P.3d 1142 (2007) (where case can be decided on other grounds, court will refrain from reaching constitutional issue).

in his own behalf, [and] to meet the witnesses against him face to face."

However, a defendant may waive the right to be present so long as the waiver is knowing and voluntary. State v. Thurlby, 184 Wn.2d 618, 624, 359 P.3d 793 (2015). The defendant's voluntary absence from trial is an implied waiver of the right to be present. Thomson, 123 Wn.2d at 881. Generally, the court must make a sufficient inquiry into the circumstances of a defendant's absence to justify a finding of whether the absence was voluntary, make a preliminary finding of voluntariness if justified, and, if the defendant did not already explain their absence, give the defendant an adequate opportunity to do so upon their return. See Thomson, 123 Wn.2d at 881 (explaining the rule in the context of a defendant's disappearance) (quoting State v. Washington, 34 Wn. App. 410, 414, 661 P.2d 605 (1983), vacated on other grounds on remand, 36 Wn. App. 792, 677 P.2d 786 (1984)).

Similarly, under CrR 3.4(a) and (b), the defendant must be present "at every stage of the trial," except "the defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict." Furthermore, CrR 3.4(d) and (e) specifically discuss the use of video conferences in criminal proceedings. CrR 3.4(d) provides that certain proceedings, such as arraignments and bail hearings, may be conducted by video conference. CrR 3.4(d)(1). "[O]ther trial court proceedings . . . may be conducted by video conference only by agreement of the parties." CrR 3.4(d)(2). However, if a defendant is voluntarily absent, they have already waived their right to be personally present, so additional consent is

not required for video conferencing. See State v. Thompson, 190 Wn. App. 838, 842-45, 360 P.3d 988 (2015) (trial court did not err in removing defendant from courtroom to watch trial proceedings by video, where defendant waived right to be present through persistent disruptive actions).

In this case, Larson's absence for an afternoon of witness testimony during trial violated CrR 3.4 and his right to be present.[3] See In re Pers. Restraint of Lord, 123 Wn.2d 296, 306, 868 P.2d 835 (1994) ("The core of the constitutional right to be present is the right to be present when evidence is being presented."). When Larson was taken to the hospital, the court explicitly declined to find that he was voluntarily absent. Then, despite Larson's objection, the court arranged for Larson to video conference into trial.[4] After Larson video-conferenced in, the court again noted that it was not finding that Larson was voluntarily absenting himself. At this point, under Thomson, the court was required to continue trial until either Larson returned or until the court discovered enough information to find that Larson was voluntarily absenting himself. Because Larson did not consent to the video conference and the court had not

---

[3] Larson also objects to his appearance by video for a brief scheduling discussion with the jurors. While not permissible under CrR 3.4, this was likely harmless error. See State v. Schierman, 192 Wn.2d 577, 606-07, 438 P.3d 1063 (2018) (Although the trial court erred by ruling on for-cause challenges without the defendant present, the error was harmless where the defendant was present for all of the juror questioning, no prejudice was evident from the record, and the defendant did not allege any prejudice resulting from the error.).

[4] As defense counsel noted, this arrangement also interfered with Larson's ability to confer with his attorney. See State v. Hartzog, 96 Wn.2d 383, 402, 635 P.2d 694 (1981) (constitutional right to assistance of counsel includes "opportunity for private and continual discussions between defendant and his attorney during the trial").

made the requisite finding that Larson was voluntarily absent, the court's decision to proceed with trial via video conference violated CrR 3.4 and Larson's constitutional right to appear at trial in person.

Nonetheless, the afternoon of trial via video conference did not take place because, before testimony began, Larson claimed that he did not feel well and wanted to go lie down. It was then that the trial court found for the first time that Larson was voluntarily absenting himself. However, the question for the court was whether Larson was voluntarily absenting himself from trial in the courtroom, and at this point, Larson was leaving the improper video conference. Larson had a right to personally attend trial, and the court was proceeding with trial by video over his objection and without first finding that he had voluntarily absented himself from trial in the courtroom. Therefore, leaving this video conference in no way indicated that Larson was waiving his right to be in the courtroom, facing the witnesses against him and hearing the evidence in person. Put another way, because the trial court had previously declined to find that Larson was voluntarily absent from the courtroom, it could not then find that he was waiving his right to be present at trial purely because he declined to participate in a video conference which in this case was itself a violation of his right to be present.[5] "Under the voluntary waiver approach, the court only need answer . . . whether the

---

[5] Indeed, the court had made no additional inquiry or learned any new information about the circumstances of Larson's absence from the courtroom since its most recent finding that Larson was not voluntarily absent. Although the court had requested additional information about Larson's condition, the record does not show that the court received any information from a medical professional that would have helped the court make its inquiry under Thomson.

defendant's absence is voluntary." Thomson, 123 Wn.2d at 881. Ultimately, Larson's decision to leave a video conference that was impermissible under CrR 3.4 did not enable the court to determine that Larson's absence from trial was voluntary.

The court decided to proceed with trial in Larson's absence without making the requisite finding that Larson was voluntarily absent. When the court did find that Larson was voluntarily absent, it failed to base this decision on the circumstances of Larson's absence from the courtroom and instead relied on his decision to leave the video conference. As such, the trial court abused its discretion. In light of our decision, we need not address Larson's arguments that Leach's testimony or the abnormal trial schedule denied him of his right to a fair trial.[6] See State v. Irby, 170 Wn.2d 874, 887, 246 P.3d 796 (2011) (declining to address further issues on appeal after concluding new trial was warranted).

We vacate Larson's conviction and remand for a new trial.

_____ J.

WE CONCUR:

_____         _____
Mann, C.J.                        Appelwick, J.

---

[6] Larson also challenges his sentence on the basis that his offender score included felonies that would have washed out if not for arrests for unpaid legal financial obligations (LFOs). While this point is now moot, we note that our Supreme Court recently decided that time spent in jail for failing to pay LFOs does not reset a washout period. State v. Schwartz, 194 Wn.2d 432, 446, 450 P.3d 141 (2019).