IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

IN RE THE DETENTION OF:

A.M.,

Appellant.

No. 87294-0-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — A.M. appeals the trial court's order committing him for 14 days of involuntary treatment at Fairfax Behavioral Health Hospital (Fairfax) under the involuntary treatment act (ITA), chapter 71.05 RCW. A.M. argues that the court violated his right to be present during his civil commitment hearing.

The court conducted A.M.'s commitment hearing by videoconference, with A.M. appearing from the hospital. A.M. repeatedly sought to address the court. Unprompted, the court asked A.M. "do you wish to stay for the hearing or do you wish to return to your room and have your attorney tell you what happens?" A.M. said, "I do not follow." A.M.'s counsel asked to speak privately with A.M. Following a short recess, counsel for A.M. stated that A.M. had returned to his hospital unit and "it was a little unclear on whether or not he wished to be here." Without further inquiry, the court ruled that A.M. "apparently, has voluntarily left the courtroom . . . [and] understands that we will proceed without him," accepting this as a knowing and voluntary "waiver of his presence for this hearing." In its subsequent commitment order the court checked a box which read, "[r]espondent has orally waived their presence to defense counsel, and the Court accepts this waiver."

Fairfax concedes error and asks this court to vacate the 14-day commitment order and remand to the trial court for entry of a further order consistent with this ruling. A.M. moves this court to accept Fairfax's concession. We grant A.M.'s motion and accept Fairfax's concession. *Cf. In re Harris*, 98 Wn.2d 276, 279, 654 P.2d 109 (1982) ("There is no question that due process guaranties must accompany involuntary commitment for mental disorders"); *State v. Thomson*, 123 Wn.2d 877, 880-82, 872 P.2d 1097 (1994) (once trial has begun in the defendant's presence, courts must conduct a sufficient inquiry to determine whether the defendant's absence constitutes a voluntary and knowing waiver of the constitutional right to be present); *State v. Garza*, 150 Wn.2d 360, 367, 77 P.3d 347 (2003) (courts must examine the totality of the circumstances and indulge every reasonable presumption against waiver).

A.M.'s motion to accelerate the mandate under RAP 12.5(b) is also granted. The mandate will issue two days after this opinion is filed unless the respondent objects in writing.

Reversed and remanded.

FOR THE COURT:

Feldman, J.

Díaz, J.

-2-