247 P.3d 842 (2011)
STATE of Washington, Respondent,
v.
Kirk W. MICHAEL, Appellant.
No. 28877-3-III.
Court of Appeals of Washington, Division 3.
March 10, 2011.
Dennis W. Morgan, Attorney at Law, Ritzville, WA, for Appellant.
Mark Erik Lindsey, Andrew J. Metts III, Spokane County Prosecuting Attorneys, Spokane, WA, for Respondent.
KORSMO, A.C.J.
¶ 1 Kirk Michael appeals his convictions on two felony counts involving unlawful firearm possession and two misdemeanor counts. The parties agree that the first unlawful firearm possession count was mischarged and must be reversed. We concur. We disagree with Mr. Michael's claim that his trial attorney provided ineffective assistance. The remaining convictions are affirmed.

FACTS
¶ 2 Deputies responding to a domestic dispute pursued and eventually stopped a Chevrolet Blazer driven by Mr. Michael. An inventory search of the vehicle revealed a sawed-off shotgun and shells in a bag on the rear seat. The bag also contained women's clothing. The gun was not fully assembled, but was loaded. Additional shotgun shells were found in the center console, along with a purple hairbrush and a pill bottle with the first name of Jennifer. Mr. Michael told the deputies that he borrowed the Blazer from Jennifer Heaton. He claimed to have no knowledge of the gun.
¶ 3 Linda Oversby testified about a confrontation she had with Mr. Michael. She and her son both reported that he claimed to have a gun. She called 911 and he left. Mr. Michael testified that he had borrowed the Blazer from Ms. Heaton. He had picked up a friend before visiting Ms. Oversby. That friend had placed items in the car.
¶ 4 The trial court instructed the jury on both weapons counts that the State had to prove defendant knowingly possessed the shotgun. The court was not asked and did not give an instruction on unwitting possession. Defense counsel argued the case to the jury on the basis that his client did not knowingly possess the gun, emphasizing that his client did not own the Blazer and there was also a passenger present during the pursuit.
*843 ¶ 5 The jury found the defendant guilty of possessing an unlawful firearm, first degree unlawful possession of a firearm, fourth degree assault, and reckless driving. The trial court concluded that the two felony counts did not constitute the same criminal conduct when calculating Mr. Michael's offender score. He then timely appealed.

ANALYSIS
¶ 6 Appellant claims that count one was mischarged, trial counsel was ineffective in failing to seek an unwitting possession instruction, and that the trial court erred in finding the two felony offenses did not constitute the same criminal conduct.[1] In light of our conclusion reversing one of the two felony counts, the argument about the sentencing decision is moot. It is unknown if Mr. Michael will be recharged or retried, let alone convicted on a new count one, and, if convicted, what discretionary decision the trial judge might make at a future sentencing. Accordingly, we will only address the first two issues presented by the appellant.
¶ 7 Charging Document. Mr. Michael argues, and the State concedes, that the charging document is defective by failing to allege that defendant knowingly possessed the unlawful firearm. We agree.
¶ 8 The Washington Supreme Court has already determined that the unlawful firearms statute, RCW 9.41.190(1), has an implicit knowledge element. State v. Williams, 158 Wash.2d 904, 148 P.3d 993 (2006). The parties agree that this element exists and that it needed to be included in the charging document. State v. Kjorsvik, 117 Wash.2d 93, 98, 812 P.2d 86 (1991). It was not included in this case.
¶ 9 When a charging document fails to state a crime, the remedy is to dismiss the charge without prejudice to the State's refiling of a correct charge. State v. Vangerpen, 125 Wash.2d 782, 792-793, 888 P.2d 1177 (1995). The parties again agree that action is required here. Accordingly, count one is reversed and dismissed without prejudice.
¶ 10 Ineffective Assistance of Counsel. The parties do not agree whether defense counsel erred in failing to seek an unwitting possession instruction. While Mr. Michael presents an interesting argument, we conclude that it was not unreasonable to forego seeking an unwitting possession instruction in this case.
¶ 11 Well-settled standards govern our review of this argument. The Sixth Amendment guarantees the right to counsel. More than the mere presence of an attorney is required. The attorney must perform to the standards of the profession. Counsel's failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. State v. McFarland, 127 Wash.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. Strickland v. Washington, 466 U.S. 668, 689-691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, courts apply a two-prong test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. Id. at 690-692, 104 S.Ct. 2052. When a claim can be disposed of on one ground, a reviewing court need not consider both Strickland prongs. State v. Foster, 140 Wash.App. 266, 273, 166 P.3d 726, review denied, 162 Wash.2d 1007, 175 P.3d 1094 (2007).
¶ 12 The fact that counsel's decision is tactical in nature does not insulate it from a claim that the decision is unreasonable. State v. Grier, ___ Wash.2d ___, 246 P.3d 1260 (2011). There the Washington Supreme Court unanimously overturned a Court of Appeals decision and held that counsel was not ineffective for deciding not to seek a lesser included offense in a murder prosecution. Id. at ¶¶ 1, 69. It was neither unreasonable nor prejudicial to pursue the all-or-nothing verdict. Id. at ¶¶ 65-67.
¶ 13 Washington has adopted the affirmative defense of unwitting possession in drug possession cases in order to ameliorate the *844 harshness of a strict liability offense. State v. Bradshaw, 152 Wash.2d 528, 538, 98 P.3d 1190 (2004), cert. denied, 544 U.S. 922, 125 S.Ct. 1662, 161 L.Ed.2d 480 (2005); State v. Staley, 123 Wash.2d 794, 799, 872 P.2d 502 (1994); State v. Cleppe, 96 Wash.2d 373, 380-381, 635 P.2d 435 (1981), cert. denied, 456 U.S. 1006, 102 S.Ct. 2296, 73 L.Ed.2d 1300 (1982). Mr. Michael argues that his counsel should have sought such an instruction in this case. Review of the unwitting possession instruction explains why he would not want to do so.
¶ 14 There is no pattern instruction for unwitting possession other than in drug cases. The pattern unwitting possession instruction used in drug cases could be easily modified, perhaps along the following lines by substituting the bracketed material for the term "controlled substance" used in the existing instruction:
A person is not guilty of possession of [an unlawful firearm] if the possession is unwitting. Possession of [an unlawful firearm] is unwitting if a person did not know that the firearm was in his possession.
The burden is on the defendant to prove by a preponderance of the evidence that the [firearm] was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.
11 WASHINGTON PRACTICE, WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 52.01, at 1007 (3d ed. 2008).
¶ 15 Because unwitting possession is an affirmative defense, it falls on the defendant to prove the unwitting possession. Cleppe, 96 Wash.2d at 381, 635 P.2d 435. While that is a useful defense in drug cases, where the State has no obligation to prove an intent element, it is not useful in this context. By taking on the obligation to prove unwitting possession, a defense attorney would essentially relieve the State of its obligation to prove knowing possession beyond a reasonable doubt by undertaking the burden of proving the contrary by a preponderance of the evidence. There may be a rare case where the defense would legitimately want to do that, but in most instances it would likely constitute ineffective assistance to even attempt to do so. This court has previously held that counsel rendered ineffective assistance for successfully requesting an unwitting possession instruction similar to the one quoted above in an unlawful possession of a firearm prosecution. State v. Carter, 127 Wash.App. 713, 112 P.3d 561 (2005).
¶ 16 The defense theory of this case was that the State had not proven knowing possession. It was a very reasonable defense in light of the evidence. It would not have been reasonable for counsel to cede the element to the State and attempt to prove the negative. Mr. Michael has not shown that his counsel performed ineffectively by failing to seek an instruction that has never before been applied in this context. Counsel did not err.

CONCLUSION
¶ 17 The conviction on count one is reversed and dismissed without prejudice. The remaining convictions are affirmed.
WE CONCUR: BROWN and SIDDOWAY, JJ.
NOTES
[1] We have also considered the Statement of Additional Grounds and concluded that the additional argument presented concerning the inventory search is without merit.