IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36015-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMEL WILLIAM DALLUGE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Amel Dalluge appeals his conviction for failing to register as a sex offender, raising claims of ineffective assistance of counsel, violation of his right to be present at trial, and challenges to certain legal financial obligations (LFOs) imposed at sentencing. We affirm the conviction and strike the LFOs.

FACTS

Appellant registered as a sex offender in Grant County from 2014 until he became homeless in March 2017. He informed the sheriff's office of the change in circumstances and eventually visited the sheriff's office in mid-April to learn how to register as a transient. However, he never completed the appropriate transient registration forms. Instead, he submitted a variety of incomplete paperwork. He was charged with one count of failure to register.

Appellant decided to represent himself at trial and standby counsel was appointed. On the final day of trial, Mr. Dalluge informed the court he felt unwell and would not appear for trial. Medical professionals examined him in jail and found no health problems. The court sent standby counsel to determine how appellant wished to proceed. Mr. Dalluge requested that standby counsel take over representation. He did not wish for a continuance or to observe the remainder of the trial.

The court instructed on a statutory affirmative defense.[1] The jury was instructed on three alternative means of committing the crime: (1) failure to provide signed written notice after changing address, (2) failure to report weekly, and (3) failure to provide accurate accounting of where he stayed each week. By special verdict, the jury found that Mr. Dalluge had failed to provide an accurate accounting.

The court imposed a standard range term of 45 days in jail and one year of community custody. Mr. Dalluge timely appealed to this court. A panel considered his case without hearing argument.

## ANALYSIS

*Ineffective Assistance of Counsel*

Appellant initially argues that he received ineffective assistance of counsel because his standby attorney allegedly proposed an affirmative defense instruction that

---

[1] Mr. Dalluge contends that standby counsel proposed the instruction, but our record does not indicate whether the instruction originated with counsel or with Mr. Dalluge.

2

shifted the burden of proof to the defense. We need not decide whether counsel erred because Mr. Dalluge cannot establish prejudice.

We consider this issue in accordance with well settled law. Counsel's failure to live up to the standards of the profession will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). Review is highly deferential and we engage in the presumption that counsel was competent; moreover, counsel's strategic or tactical choices are not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-pronged test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id*. at 690-692. When a claim can be resolved on one ground, a reviewing court need not consider both *Strickland* prongs. *Id*. at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

Jury instructions are sufficient if they correctly state the law, are not misleading, and allow the parties to argue their respective theories of the case. *State v. Dana*, 73 Wn.2d 533, 536-537, 439 P.2d 403 (1968). The trial court also is granted broad discretion in determining the wording and number of jury instructions. *Petersen v. State*, 100 Wn.2d 421, 440, 671 P.2d 230 (1983). A defense attorney may render ineffective assistance by proposing a detrimental jury instruction. *State v. Woods*, 138 Wn. App. 191, 197-198, 156 P.3d 309 (2007). However, the decision to seek an affirmative

defense is often heavily dependent on individual case strategy. *State v. Michael*, 160 Wn. App. 522, 527-528, 247 P.3d 842 (2011).

The statutory affirmative defense at issue here is found in RCW 9A.44.130(6)(c). It provides a defense against failure to complete the appropriate reporting procedure upon becoming homeless if the defendant shows that he provided written notice of homelessness and then complied with the reporting procedure. RCW 9A.44.130(6). The jury did not convict on either of those bases. The special verdict found that Mr. Dalluge failed to provide an accurate weekly accounting of where he stayed. It was uncontested that he never provided the accounting. Since the verdict was based on uncontested facts not addressed by the affirmative defense, the instruction could not have prejudiced Mr. Dalluge.

Since there was no prejudice, Mr. Dalluge cannot establish that he was denied effective assistance of counsel.

*Right to Presence*

Appellant next argues that his right to be present at trial was violated because the court failed to determine if his absence was voluntary. The record indicates that the absence was voluntary and his claim is waived.

A defendant has a right to appear at his trial. CONST. art. I, § 2. A defendant may waive this right and the trial court's decision to proceed with the trial in the defendant's absence is reviewed for abuse of discretion. *State v. Thurlby*, 184 Wn.2d 618, 624-625,

4

359 P.3d 793 (2015). When a defendant fails to appear for trial, the trial court must ascertain whether the defendant's absence is voluntary. *State v. Thompson*, 123 Wn.2d 877, 881, 872 P.2d 1097 (1994). Our courts traditionally perform a three step analysis that includes:

> (1) sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding whether the absence was voluntary, (2) a preliminary finding of voluntariness (when justified), and (3) [afford] the defendant an adequate opportunity to explain his absence when he is returned to custody and before sentence is imposed.

*Id*. The court must consider all reasonable presumptions the defendant did not voluntarily waive his rights. *State v. Garza*, 150 Wn.2d 360, 367, 77 P.3d 347 (2003). While useful for confirming voluntariness when a defendant inexplicably fails to appear, this framework is not essential if the defendant informs the court he wishes to absent himself. *State v. Davis*, 6 Wn. App. 2d 43, 55, 429 P.3d 534 (2018). The third analytical prong is primarily meant to ensure the defendant an opportunity to explain the absence to the court. *Thurlby*, 184 Wn.2d at 629.

In this case, appellant had an opportunity to explain his absence to the court. The court requested multiple medical evaluations to ensure there was no malady preventing appellant's appearance. Options to seek a continuance or view the trial were also presented. However, appellant informed his attorney that he wanted the trial to proceed without him and refused the alternatives. The trial court considered all options and followed appellant's clear, unambiguous, and informed request. Therefore, we conclude

that appellant voluntarily waived his right to appear and the trial court did not abuse its discretion proceeding with the trial.

*Legal Financial Obligations*

Appellant challenges certain LFOs imposed by the trial court: the criminal filing fee, community supervision costs, DNA collection fee, and interest on all obligations. Washington's law changed following appellant's sentencing and now prohibits courts from imposing most fees on indigent defendants. The DNA collection fee may not be imposed if a defendant's DNA previously was collected. The State concedes the error. We reverse the challenged LFOs and direct the trial court to strike them.

*Statement of Additional Grounds*

Appellant raises a number of issues in his statement of additional grounds, all of which lack merit. He first contends he was improperly charged with three alternatives to convict for one count. However, it is well established the State may charge a defendant under alternative theories so long as it leads to a single conviction. *State v. Wright*, 165 Wn.2d 783, 801-802, 203 P.3d 1027 (2009).

Additionally, Mr. Dalluge claims the evidence was insufficient because the statute uses permissive language, the State extended his registration requirements, the laws have changed to make the remedy inappropriate, and this case should be handled by juvenile court. These arguments are inadequate.

A statement of additional grounds must adequately inform this court of the issue the appellant wishes to raise and also may only address errors identifiable in the appellate record. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008). New evidence not considered at trial is properly brought through a personal restraint petition. *Id.* This court will not review solely conclusory statements that do not direct us to appropriate issues. *State v. Phillips*, 6 Wn. App. 2d 651, 677, 431 P.3d 1056 (2018). Appellant's claims constitute conclusory statements that are too vague for this court to properly evaluate alleged error or determine where on the record the alleged errors occurred. We are not inclined to guess the issues we are requested to address.

The conviction is affirmed and the case remanded to strike the noted LFOs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

7